IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20636
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY ONEAL JOHNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. H-01-CR-447-ALL
--------------------
January 13, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Rodney Johnson appeals his conviction of, and sentence for,

being a felon in possession of a firearm.  He first argues that

18 U.S.C. § 922(g)(1) is unconstitutional on its face because it

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

does not require a substantial effect on interstate commerce, and, in the alternative, that his indictment and the factual basis failed to allege a substantial effect on interstate commerce. He acknowledges that his arguments are foreclosed by circuit precedent, see United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002), but he seeks to preserve the issue for possible Supreme Court review.

Johnson also argues that the district court erred in its application of U.S.S.G. § 4A1.2 by counting two prior drug convictions separately, which increased his criminal history score and resulted in a higher guideline range. Johnson has not shown that the district court clearly erred in finding that the prior cases were not consolidated. See Buford v. United States, 532 U.S. 59, 64-66 (2001); United States v. Moreno-Arredondo, 255 F.3d 198, 203 n.10 (5th Cir.), cert. denied, 534 U.S. 1008 (2001).

"[A] finding that prior cases were 'consolidated' will require either some factual connexity between them, or else a finding that the cases were merged for trial or sentencing." United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998) (citation omitted). A formal consolidation order is not a prerequisite to a 'consolidation' finding. Id. When factually distinct offenses are sentenced "on the same day and/or in the same proceeding," they are not considered related under § 4A1.2. Id.

The district court did not clearly err in finding that the two prior offenses are factually distinguishable.  In addition, although Johnson pleaded guilty, and the state court imposed its sentence for both offenses on the same day, each offense was prosecuted under a separate cause number and was addressed in a separate judgment, thus suggesting that they should not be considered consolidated for federal sentencing purposes.  See Huskey, 137 F.3d at 288.

AFFIRMED.