# BUFORD v. UNITED STATES

No. 99–9073.   Argued January 8, 2001—Decided March 20, 2001

*Dean A. Strang* argued the cause for petitioner. With him on the briefs were *Brian P. Mullins* and *Robert A. Kagen.*

*Paul R. Q. Wolfson* argued the cause for the United States. With him on the brief were *Solicitor General Waxman, Assistant Attorney General Robinson,* and *Deputy Solicitor General Dreeben.*

JUSTICE BREYER delivered the opinion of the Court.

This case raises a narrow question of sentencing law. What standard of review applies when a court of appeals reviews a trial court's Sentencing Guideline determination as to whether an offender's prior convictions were consolidated, hence "related," for purposes of sentencing? In particular, should the appeals court review the trial court's decision deferentially or *de novo?* We conclude, as did the Court of Appeals, that deferential review is appropriate, and we affirm.

I

A

The trial court decision at issue focused on one aspect of the United States Sentencing Guidelines' treatment of "career offenders," a category of offender subject to particularly severe punishment. The Guidelines define a "career offender" as an offender with "at least two prior felony convictions" for violent or drug-related crimes. United States Sentencing Commission, Guidelines Manual § 4B1.1 (Nov. 2000) (USSG). At the same time, they provide that a sentencing judge must count as a single prior felony conviction

all those that are "related" to one another. USSG § 4B1.2(c), and comment., n. 3; § 4A1.2(a)(2). And they advise (in an application note) that prior convictions are "related" to one another when, *inter alia,* they "were consolidated for . . . sentencing." § 4A1.2, comment., n. 3.

The Seventh Circuit has refined this "prior conviction" doctrine yet further. It has held that two prior convictions might have been "consolidated for sentencing," and hence "related," even if the sentencing court did not enter any *formal* order of consolidation. See *United States* v. *Joseph,* 50 F. 3d 401, 404, cert. denied, 516 U. S. 847 (1995). In such an instance, the Circuit has said, a court should decide whether the convictions were nonetheless *"functionally* consolidated," which means that the convictions were "factually or logically related, and sentencing was joint." 201 F. 3d 937, 940 (2000) (emphasis added).

## B

This case concerns "functional consolidation." Paula Buford pleaded guilty to armed bank robbery, a crime of violence, in federal court. The federal sentencing judge had to decide whether Buford's five 1992 Wisconsin state-court convictions were "related" to one another, and consequently counted as one single prior conviction, or whether they should count as more than one.

The Government conceded that four of the five prior convictions were "related" to one another. These four involved a series of gas station robberies. All four had been the subject of a single criminal indictment, and Buford had pleaded guilty to all four at the same time in the same court. See USSG § 4A1.2, comment., n. 3 (prior offenses are "related" if "consolidated for trial or sentencing").

The Government did not concede, however, that the fifth conviction, for a drug crime, was "related" to the other four. The drug crime (possession of, with intent to deliver, cocaine) had taken place about the same time as the for. th

robbery, and Buford claimed that the robberies had been motivated by her drug addiction. But the only evidentiary link among the crimes was that the police had discovered the cocaine when searching Buford's house after her arrest for the robberies. Moreover, no formal order of consolidation had been entered. The State had charged the drug offense in a separate indictment and had assigned a different prosecutor to handle the drug case. A different judge had heard Buford plead guilty to the drug charge in a different hearing held on a different date; two different state prosecutors had appeared before the sentencing court, one discussing drugs, the other discussing the robberies; and the sentencing court had entered two separate judgments.

Buford, without denying these facts, nonetheless pointed to other circumstances that, in her view, showed that the drug crime conviction had been "consolidated" with the robbery convictions for sentencing, rendering her drug conviction and robbery convictions "related." She pointed out that the State had sent the four robbery cases for sentencing to the very same judge who had heard and accepted her plea of guilty to the drug charge; that the judge had heard arguments about sentencing in all five cases at the same time in a single proceeding; that the judge had issued sentences for all five crimes at the same time; and that the judge, having imposed three sentences for the five crimes (6 years for the drug crime, 12 years for two robberies, and 15 years for the other two), had ordered all three to run concurrently.

The District Court, placing greater weight on the former circumstances than on the latter, decided that the drug case and the robbery cases had not been consolidated for sentencing, either formally or functionally. Buford appealed. The Court of Appeals found the "functional consolidation" question a close one, and wrote that "the standard of appellate review may be dispositive." 201 F. 3d, at 940. It decided to review the District Court's decision "deferentially" rather

than *"de novo."* *Id.,* at 942. And it affirmed that decision. *Ibid.*

Buford sought certiorari. In light of the different Circuits' different approaches to the problem, we granted the writ. Compare *United States* v. *Irons,* 196 F. 3d 634, 638 (CA6 1999) (relatedness decision reviewed for clear error); *United States* v. *Wiseman,* 172 F. 3d 1196, 1219 (CA10) (same), cert. denied, 528 U. S. 889 (1999); *United States* v. *Mapp,* 170 F. 3d 328, 338 (CA2) (same), cert. denied, 528 U. S. 901 (1999); *United States* v. *Maza,* 93 F. 3d 1390, 1400 (CA8 1996) (same), cert. denied, 519 U. S. 1138 (1997); *United States* v. *Mullens,* 65 F. 3d 1560, 1565 (CA11 1995), cert. denied, 517 U. S. 1112 (1996) (same), with *United States* v. *Garcia,* 962 F. 2d 479, 481 (CA5) (relatedness determination reviewed *de novo*), cert. denied, 506 U. S. 902 (1992); *United States* v. *Davis,* 922 F. 2d 1385, 1388 (CA9 1991) (same).

## II

In arguing for *de novo* review, Buford points out that she has not contested any relevant underlying issue of fact. She disagrees only with the District Court's legal conclusion that a legal label—"functional consolidation"—failed to fit the undisputed facts. She concedes, as she must, that this circumstance does not dispose of the standard of review question. That is because the relevant federal sentencing statute requires a reviewing court not only to "accept" a district court's "findings of fact" (unless "clearly erroneous"), but also to "give *due deference* to the district court's application of the guidelines to the facts." 18 U. S. C. § 3742(e) (emphasis added). And that is the kind of determination—application of the Guidelines to the facts—that is at issue here. Hence the question we must answer is what kind of "deference" is "due." And, as we noted in *Koon* v. *United States,* 518 U. S. 81, 98 (1996), the "deference that is due depends on the nature of the question presented."

Buford argues that the nature of the question presented here—applying a Sentencing Guidelines term to undisputed facts—demands no deference at all. That is to say, the deference "due" is no deference; hence the Court of Appeals should have reviewed the trial court's decision *de novo*. Buford points out that, because the underlying facts are not in dispute, witness credibility is not important. She adds that *de novo* appellate review will help clarify and make meaningful the consolidation-related legal principles at issue. And she says that *de novo* review will help avoid inconsistent trial court determinations about consolidation, thereby furthering the Guidelines' effort to bring consistency to sentencing law.

Despite these arguments, we believe that the appellate court was right to review this trial court decision deferentially rather than *de novo*. In *Koon*, we based our selection of an abuse-of-discretion standard of review on the relative institutional advantages enjoyed by the district court in making the type of determination at issue. See *id.*, at 98–99; cf. *Miller* v. *Fenton*, 474 U. S. 104, 114 (1985) (deference may depend on whether "one judicial actor is better positioned than another to decide the issue in question"). We concluded there that the special competence of the district court helped to make deferential review appropriate. And that is true here as well. That is to say, the district court is in a better position than the appellate court to decide whether a particular set of individual circumstances demonstrates "functional consolidation."

That is so because a district judge sees many more "consolidations" than does an appellate judge. As a trial judge, a district judge is likely to be more familiar with trial and sentencing practices in general, including consolidation procedures. And as a sentencing judge who must regularly review and classify defendants' criminal histories, a district judge is more likely to be aware of which procedures the relevant state or federal courts typically follow. Experience with trials, sentencing, and consolidations will help that

judge draw the proper inferences from the procedural descriptions provided.

In addition, factual nuance may closely guide the legal decision, with legal results depending heavily upon an understanding of the significance of case-specific details. See *Koon* v. *United States, supra,* at 98–99 (District Court's detailed understanding of the case before it and experience with other sentencing cases favored deferential review); *Cooter & Gell* v. *Hartmarx Corp.,* 496 U. S. 384, 403–404 (1990) (fact-intensive nature of decision whether to impose sanctions under Federal Rule of Civil Procedure 11 made deferential review appropriate); *Pierce* v. *Underwood,* 487 U. S. 552, 560 (1988) (District Court's familiarity with facts of case warranted deferential review of determination whether Government's legal position was "substantially justified"). In a case like this one, for example, under Seventh Circuit doctrine, the District Judge usefully might have considered the factual details of the crimes at issue in order to determine whether factual connections among those crimes, rather than, say, administrative convenience, led Wisconsin to sentence Buford simultaneously and concurrently for the robbery and drug offenses. See *United States* v. *Joseph,* 50 F. 3d, at 404; *United States* v. *Russell,* 2 F. 3d 200, 204 (CA7 1993).

Nor can we place determinative weight upon the heightened uniformity benefits that Buford contends will result from *de novo* review. The legal question at issue is a minor, detailed, interstitial question of sentencing law, buried in a judicial interpretation of an application note to a Sentencing Guideline. That question is not a generally recurring, purely legal matter, such as interpreting a set of legal words, say, those of an individual guideline, in order to determine their basic intent. Nor is that question readily resolved by reference to general legal principles and standards alone. Rather, the question at issue grows out of, and is bounded by, case-specific detailed factual circumstances. And the

fact-bound nature of the decision limits the value of appellate court precedent, which may provide only minimal help when other courts consider other procedural circumstances, other state systems, and other crimes. In any event, the Sentencing Commission itself gathers information on the sentences imposed by different courts, it views the sentencing process as a whole, it has developed a broad perspective on sentencing practices throughout the Nation, and it can, by adjusting the Guidelines or the application notes, produce more consistent sentencing results among similarly situated offenders sentenced by different courts. Insofar as greater uniformity is necessary, the Commission can provide it. Cf. *Braxton* v. *United States*, 500 U. S. 344, 347–348 (1991) (Congress intended Sentencing Commission to play primary role in resolving conflicts over interpretation of Guidelines).

## III

In light of the fact-bound nature of the legal decision, the comparatively greater expertise of the District Court, and the limited value of uniform court of appeals precedent, we conclude that the Court of Appeals properly reviewed the District Court's "functional consolidation" decision deferentially. The judgment of the Court of Appeals is

*Affirmed.*