**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Victor Allen HAWORTH, aka Victor Wickenhagen, Defendant—Appellant.**

No. 01–30378.
D.C. No. CR–01–00026–FVS.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Victor Allen Haworth appeals the 151–month sentence imposed following his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

guilty-plea conviction of bank robbery, in violation of 18 U.S.C. § 2113(a). He argues that the district court erroneously sentenced him as a career offender under U.S.S.G. § 4B1. We have jurisdiction, 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and apply deferential review to the district court's career offender classification. *See Buford v. United States,* 532 U.S. 59, 64–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001).

Haworth argues that the two prior felony convictions underlying the district court's career offender classification are related and must be counted as one. According to Haworth, the convictions are related because they were part of a single common scheme and were effectively consolidated for sentencing. *See* U.S.S.G. § 4A1.2(a)(2) & app. note 3. We disagree.

Contrary to Haworth's argument, "a common modus operandi is not enough to demonstrate a single common scheme or plan." *United States v. Davis,* 922 F.2d 1385, 1389 (9th Cir.1991), *abrogated on other grounds by Buford v. United States,* 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001). Two offenses are not part of a common scheme or plan where, as here, they were committed one month apart in separate states, involved different victims and were prosecuted by different state agencies. *See id.* at 1390.

The sentences on the two robberies were not effectively consolidated. They were imposed three months apart by separate courts in different states. Neither court intended that the sentence it imposed was to run concurrently with that of the other. The Idaho court made no mention of the Washington robbery conviction, and the Washington court ordered incarceration to run concurrently with any sentence "for parole violation on offenses

*previously* convicted of." That the two sentences did run concurrently does not render them effectively consolidated when neither sentencing court so intended. *See Davis,* 922 F.2d at 1390–91.

The district court properly sentenced Haworth as a career offender under the Sentencing Guidelines.

**AFFIRMED.**