IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50102
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ODELL WILLIAMS, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CR-108-1
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Odell Williams, Jr., appeals his sentence following his guilty-plea conviction for distribution of cocaine base. He contends that the district court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1 because his two prior state drug convictions were part of a common scheme or plan and thus were related.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To be deemed a career offender, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1.  "Prior sentences imposed in related cases are to be treated as one sentence . . . ."  U.S.S.G. § 4A1.2(a)(2).  "[P]rior sentences are considered related if they resulted from offenses that . . . were part of a single common scheme or plan . . . ."  U.S.S.G. § 4A1.2, comment. (n.3).

Williams has not alleged that he jointly planned his two prior drug offenses or that the commission of one offense entailed the commission of the other, as is required for a common scheme or plan.  See United States v. Robinson, 187 F.3d 516, 520 (5th Cir. 1999).  Rather, Williams simply asserts that his two offenses were factually, temporally, and geographically alike, which is insufficient to establish a common scheme or plan.  See United States v. Garcia, 962 F.2d 479, 482 (5th Cir. 1992), abrogated on a different ground by Buford v. United States, 532 U.S. 59, 63, 66 (2001).  The district court thus did not err in determining that Williams' two prior convictions were not part of a common scheme or plan and were not related for purposes of the career-offender guideline.  The judgment of the district court is AFFIRMED.