

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2002

# USA v. DeLaurentis

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2692

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. DeLaurentis" (2002). *2002 Decisions*. Paper 630.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/630

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 01-2692 & 01-3022
_____

UNITED STATES OF AMERICA

v.

JAMES V. DeLAURENTIS,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 99-cr-00431
(Honorable Stephen M. Orlofsky)
_____

Argued April 26, 2002

Before:  BECKER, Chief Judge, SCIRICA and RENDELL, Circuit Judges

(Filed September 30, 2002)

LOUIS M. BARBONE, ESQUIRE (ARGUED)
Jacobs & Barbone
1125 Pacific Avenue
Atlantic City, New Jersey 08401

     Attorney for Appellant


NORMAN J. GROSS, ESQUIRE (ARGUED)
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street, 4th Floor
P.O. Box 2098
Camden, New Jersey 08101

GEORGE S. LEONE, ESQUIRE
Office of United States Attorney
970 Broad Street, Room 700
Newark, New Jersey 07102

     Attorneys for Appellee
_____

OPINION OF THE COURT
_____

SCIRICA, Circuit Judge.

Defendant James DeLaurentis appeals from a judgment of conviction and sentence for extortion under color of official right (in violation of 18 U.S.C. 1951(a), (b)(2), (b)(3)) and corrupt acceptance of money (in violation of 18 U.S.C. 666(a)(1)(B)).

We will affirm.

## I.

We have jurisdiction under 28 U.S.C. 1291.

## II.

We review the denial of a motion for a new trial and the district court's exclusion of evidence for abuse of discretion. United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001); United States v. Parise, 159 F.3d 790, 803 (3d Cir. 1998).

When reviewing sentencing, we review findings of fact for clear error and application of the sentencing guidelines to facts with due deference. 18 U.S.C. 3742; see also Buford v. United States, 532 U.S. 59 (2001) (examining what kind of "deference" is "due" when a court of appeals reviews whether an offender's prior convictions were "related" for purposes of sentencing). The deference that is "due" depends upon the nature of the question presented. United States v. Chau, 293 F.3d 96, 99 (3d Cir. 2002) (quoting Koon v. United States, 518 U.S. 81, 99 (1996)). A district court's decision to depart from the Guidelines "will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." Koon, 518 U.S. at 98.

## III.

Defendant James DeLaurentis was an officer of the Hammonton, New Jersey Police Department. From June 1995 through May 1997, DeLaurentis was the "Supervisor of Detectives" and in 1995, was designated the "Alcoholic Beverage Control Officer" for the HPD. The Mayor and Town Council of Hammonton relied on DeLaurentis's recommendations and inspection reports when deciding whether to impose fines or otherwise sanction liquor license holders for non-compliance with ABC laws. DeLaurentis used his position as a law enforcement officer to extort money from liquor license holders facing potential penalties. DeLaurentis transmitted extortionate demands to these license holders via Ronald Previte, a friend and an admitted organized crime figure. Unbeknownst to DeLaurentis, Previte became a government cooperating witness and secretly made recordings of their conversations regarding the extortions. Liquor license holders like Victor Oyola of the Choris Bar were told that DeLaurentis would help them with their licensing problems in return for cash payments. At trial, the government presented evidence that DeLaurentis orchestrated four such extortion schemes and collected payments totaling approximately $14,000.

A six-count indictment charged DeLaurentis with extortion and the corrupt acceptance of money. A jury convicted DeLaurentis of Counts Five and Six. Adopting the factual findings and the guideline recommendations of the presentence report, the sentencing court concluded that DeLaurentis had a total offense level of 22 and sentenced him to concurrent 63-month prison terms for Counts 5 and 6. This included an upward departure because DeLaurentis's conduct was part of "a systematic and pervasive corruption of government" that "caused a loss of public confidence in government" and another upward departure "to reflect the nature and circumstances of the offense" because the defendant's conduct "endangered public safety."

This timely appeal followed.

## IV.

DeLaurentis contends he is entitled to a new trial because the trial court erred in excluding William Hughes's testimony that he overheard Previte making statements that allegedly demonstrated Previte's bias against DeLaurentis. We disagree. Fed. R. Evid. 613(b) provides:

> Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require.

Accordingly, a trial judge can "refuse to permit extrinsic evidence of a prior statement showing bias when the witness was not afforded an opportunity to explain or deny the

statement . . . ." United States v. DiNapoli, 557 F.2d 962, 965 (2d Cir. 1977) (Rule 613(b) not violated where it was "clear that DiNapoli's counsel had every opportunity initially to lay a proper foundation and, despite his knowledge of the forthcoming testimony of Mrs. Montello, nonetheless inexplicably failed to raise the issue at what was unquestionably the proper time").  In this case, DeLaurentis cross-examined Previte for a full day but never asked Previte about the alleged "prior inconsistent" statement.  DeLaurentis later sought to submit this statement through the testimony of Willaim Hughes.  Relying on DiNapoli, the trial court ruled that this extrinsic evidence should not be admitted unless DeLaurentis first confronted Previte on cross-examination about the alleged "inconsistent" statement.  The government subsequently provided DeLaurentis with the opportunity to recall Previte, but DeLaurentis did not do so.  DeLaurentis was, however, permitted to present other substantial evidence of Previte's alleged bias.  In these circumstances,  we see no prejudice and no abuse of discretion.

## V.

DeLaurentis contends it was error to consider conduct underlying acquitted Counts 1 through 4 in enhancing his sentence under U.S.S.G.  2C1.1(b)(1) (requiring an increase of two levels if the offense involved more than one extortion).  This assertion is contrary to U.S.S.G.  1B1.3(a)(2) and United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam) (holding that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence"); see also United States v. Ryan, 866 F.2d 604, 609 (3d Cir. 1989).

Here, the government presented letters and tape recordings demonstrating DeLaurentis orchestrated other similar extortion schemes.  The sentencing court stated it was "clear" that "the evidence overwhelmingly supports the conclusion that the conduct engaged in by the defendant falls within the common scheme or plan as defined in Application Note 9 to Guideline 1B1.3 . . . and that the government has proven the relevant conduct by a preponderance of the evidence which is all that is required under United States v. Watts . . . ."  We see no error.

## VI.

DeLaurentis also contends it was error to consider conduct underlying acquitted Counts 1 through 4 in enhancing his sentence under U.S.S.G.  2C1.1(b)(2)(B) (requiring an increase of 8 levels if the offense involved a payment for the purpose of influencing an elected official or a "supervisory law enforcement officer").  As we have already noted, a court may consider conduct underlying an acquitted charge in sentencing.  Watts, 519 U.S. at 157.

The sentencing court found DeLaurentis was a "supervisory law enforcement officer" because he supervised the detective bureau and held himself out as a supervisory officer.  Furthermore, DeLaurentis was the police department's ABC officer.  There was uncontradicted testimony that the Mayor and Town Council of Hammonton relied on DeLaurentis's recommendations when deciding on sanctions for non-compliant liquor license holders.   Hence, we see no error.

## VII.

Nor do we see merit in defendant's alternative contention that the sentencing court should have applied a "clear and convincing evidence" standard in enhancing his sentence.  See United States v. Kikumura, 918 F.2d 1084, 1100 (3d Cir. 1990) (stating the preponderance of evidence is appropriate for "run-of-the-mill sentencing cases" but not in an "extreme context" where the "tail" wags the "dog" of the substantive offense).  In Kikumura we applied a "clear and convincing standard" because the defendant was facing a twenty-two-level increase.  Here, the sentencing court increased DeLaurentis's offense score by two levels under U.S.S.G.  2C1.1(b)(1) and eight levels under U.S.S.G. 2C1.1(b)(2)(B).  The increase here was significant but it did not approach the "extreme" level in Kikumura.  Although the issue is not free from doubt, we believe the court properly held that the preponderance of the evidence standard applied.  Nonetheless, the court appeared to have made its findings under the clear and convincing standard.  Regardless, the evidence adduced at trial satisfied either the preponderance of the evidence standard or the clear and convincing standard.

## VIII.

Finally, we see no abuse of discretion in granting upward departures under U.S.S.G.   5K2.0 and 5K2.14.  Compare Koon, 518 U.S. at 98.  The sentencing court

departed upwards because the negative impact of DeLaurentis's criminal conduct caused a loss of public confidence and trust in government and because the "nature and circumstances" of the offense endangered the public safety (e.g., enabling the Choris Bar to remain open even though it was the site of frequent fights and public disturbances). We see no abuse of discretion.

IX.

For these reasons, we will affirm the judgment of conviction and sentence.


TO THE CLERK:

Please file the foregoing opinion.




/s/ Anthony J. Scirica
Circuit Judge


DATED:  September 30, 2002