**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Andre WILLIAMS, Defendant–
Appellant.**

No. 01–6358.

United States Court of Appeals,
Sixth Circuit.

Oct. 22, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

Andre Williams, a federal prisoner, appeals the district court's judgment imposing sentence upon his guilty plea to 8 counts of possession of stolen mail matter in violation of 18 U.S.C. §§ 1708 and 2, and 33 counts of bank fraud in violation of 18 U.S.C. § 1344. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Williams pleaded guilty on July 19, 2001, to the 41 counts described above. The

district court sentenced him on October 18, 2001, to 21 months in prison followed by five years of supervised release. The court also imposed restitution—jointly and severally with his codefendant, Teresa Woods—in the amount of $74,203. The judgment was entered on October 24, 2001.

On appeal, Williams argues that the district court erred by: (1) increasing his offense level for obstruction of justice pursuant to USSG § 3C1.1; and (2) increasing his offense level for a leadership or supervisory role in the offense under USSG § 3B1.1(c).

Upon review, we affirm the district court's judgment because the district court did not err in determining that Williams's conduct warranted application of the two-level enhancements under both § 3C1.1 and § 3B1.1(c).

■ Williams first argues that the district court erred in applying an enhancement for obstruction of justice because of his failure to comply with a grand jury subpoena. This court has generally reviewed de novo a district court's determination of whether the facts constitute an obstruction of justice under § 3C1.1. *See, e.g., United States v. Dunham,* 295 F.3d 605, 609 (6th Cir.2002); *United States v. Mise,* 240 F.3d 527, 530–31 (6th Cir.2001). However, citing the Supreme Court's recent decision in *Buford v. United States,* 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), this court recently concluded that "a deferential standard of review is appropriate in reviewing applications of § 3C1.1." *United States v. Jackson–Randolph,* 282 F.3d 369, 389 (6th Cir.2002). Regardless of whether Williams's case is reviewed *de novo* or by a more deferential standard, the district court did not err in enhancing his offense level for obstruction of justice.

The district court based its application of the enhancement on Williams's failure to comply with a grand jury subpoena to appear and provide fingerprints, handwriting exemplars, and a photograph. Williams argues on appeal that, because the postal inspector admitted that he actually obtained a set of fingerprints and a photograph of Williams from state law enforcement officials, there was no significant obstruction to the investigation or prosecution of this offense. This argument is unavailing. Section 3C1.1 provides, in pertinent part, that:

> If (A) the defendant willfully obstructed or impeded, *or attempted to obstruct or impede,* the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; ... increase the offense level by 2 levels.

USSG § 3C1.1 (emphasis added); *see also Dunham,* 295 F.3d at 609.

Applying this standard, it is irrelevant whether the postal inspectors were able to obtain part of what they needed from the state because the district court did not err in concluding that Williams *attempted* to impede or obstruct the investigation by refusing to comply with the grand jury's subpoena. The *Dunham* panel affirmed a district court's application of the obstruction of justice enhancement where the defendant, like Williams, failed to comply with a federal grand jury subpoena requesting handwriting exemplars and photographs. *Dunham,* 295 F.3d at 610. Williams's first issue on appeal is without merit.

■ Nor did the district court err in increasing Williams's offense level by two for his role in the offense. Again, this court's standard of review for enhancements under § 3B1.1 is now open to ques-

tion, but is not determinative of this case. This court has held that the district court's factual findings regarding a defendant's role in the offense are reviewed for clear error and its legal conclusion in applying the guideline is reviewed *de novo*. *See, e.g., United States v. Taylor*, 248 F.3d 506, 515 (6th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 414, 151 L.Ed.2d 315 (2001); *United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir.2000). However, recent case law states that a district court's decision as to whether a defendant is entitled to a *reduction* in offense level under USSG § 3B1.2 for a mitigating role in the offense is reviewed for clear error. *See, e.g., United States v. Campbell*, 279 F.3d 392, 396 (6th Cir.2002); *United States v. Sabino*, 274 F.3d 1053, 1073 (6th Cir.2001). A single clear-error standard is consistent with the Supreme Court's *Buford* holding in which the Court unanimously held that review of a district court's application of USSG § 4B1.2 should be under a deferential rather than a *de novo* standard. *Buford*, 532 U.S. at 64–66, 121 S.Ct. 1276. Again, the judgment must be affirmed under either standard.

The district court based its enhancement upon its finding that Williams used his codefendant, Teresa Woods, to help carry out his scheme. Based upon this finding, the district court applied the enhancement in accordance with Application Note 2 of the commentary to § 3B1.1, which provides in pertinent part: "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager or supervisor of one or more other participants." This court has since interpreted this note as follows: "Where the defendant exerts control over *at least one participant in a supervisory*, managerial, leadership, or organizational capacity, a sentence enhancement is required under § 3B1.1." *United States v. Gort–DiDonato*, 109 F.3d 318, 321 (6th Cir.1997) (emphasis added); *see also Caseslorente*, 220 F.3d at 734–35.

This court must defer to the district court's credibility determinations at the sentencing hearing. *United States v. Barrett*, 890 F.2d 855, 867 (6th Cir.1989). Woods's testimony, corroborated by other evidence, is clearly sufficient to support the district court's finding that Williams supervised Woods during the commission of the offenses and that this role warranted application of the two-level enhancement.

Accordingly, the district court's judgment is affirmed.