United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-20954
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ARMANDO ALMANZA-CAMACHO,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Southern District of Texas
(H-02-CR-59-ALL)**

_____

Before BARKSDALE, DeMOSS, BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Armando Almanza-Camacho appeals his sentence for illegal reentry following deportation. Almanza contends that the district court erred in its application of U.S.S.G. § 4A1.2(a)(2) by ruling that one of Almanza's three prior drug-trafficking convictions was not "related" to the other two convictions and, accordingly, considering it separately in determining Almanza's criminal history score.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's determination that cases were consolidated for trial or sentencing is reviewed only for clear error. *E.g., Buford v. United States*, 532 U.S. 59, 64-66 (2001). "[A] finding that prior cases were 'consolidated' will require either some factual connexity between them, or else a finding that the cases were merged for trial or sentencing". *United States v. Huskey*, 137 F.3d 283, 288 (5th Cir. 1998) (citation omitted). A formal consolidation order is not a prerequisite to a "consolidation" finding. *Id*. When factually distinct offenses are sentenced "on the same day and/or in the same proceeding" or result in the "imposition of identical, concurrent sentences", they are not considered related under § 4A1.2. *Id*.

Along this line, the district court did not clearly err in finding that one of the three prior offenses was not "related". Although Almanza pleaded guilty and the state court imposed sentence for all of the offenses on the same day, each offense was prosecuted under a separate cause number and was addressed in a separate judgment, thus suggesting that they should not be considered consolidated for federal sentencing purposes. *See Buford*, 532 U.S. at 65.

*AFFIRMED*