United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-51264
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR PONCE-PONCE, also known as Javier
Aguilar-Dominguez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1323-ALL-DB
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Salvador Ponce-Ponce (Ponce) appeals his sentence for illegal reentry following deportation. Ponce contends that the district court erred in its application of U.S.S.G. § 4A1.2(a)(2) by ruling that his eleven prior burglary convictions were not "related" to one another and, accordingly, considering each of them separately in determining Ponce's criminal-history score.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's determination that cases were consolidated for trial or sentencing is reviewed only for clear error. See United States v. Moreno-Arredondo, 255 F.3d 198, 203 n.10 (5th Cir. 2001). "[A] finding that prior cases were 'consolidated' will require either some factual connexity between them, or else a finding that the cases were merged for trial or sentencing". United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998)(citation omitted). A formal consolidation order is not a prerequisite to a "consolidation" finding. Id. However, even if factually distinct offenses are sentenced "on the same day and/or in the same proceeding" or result in the "imposition of identical, concurrent sentences," they are not considered related under § 4A1.2 unless there is a consolidation order. Id.

Accordingly, the district court did not clearly err in finding that Ponce's eleven prior offenses were not "related" to one another. Although Ponce pleaded guilty and the state court imposed sentence for all of these offenses on the same day, each offense was prosecuted under a separate cause number and was addressed in a separate judgment, thus suggesting that they should not be considered consolidated for federal sentencing purposes. See Buford v. United States, 532 U.S. 59, 64-66 (2001).

Ponce also contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the

indictment.  He acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Ponce's contention lacks merit because <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.