United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 03-40633
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JAMIE LOGAN,

Defendant-
Appellant.

------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-37-1
------------------------------------------------------------

Before SMITH, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

     Jamie Logan appeals his sentence following his guilty-plea conviction for possession with the intent to distribute less than 50 grams of a mixture or substance containing methamphetamine. Logan first argues that the district court improperly enhanced his offense level for possessing a dangerous weapon in connection with the drug trafficking offense.

---

     [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's decision to apply the U.S.S.G. § 2D1.1(b)(1) adjustment is not clearly erroneous as it is not clearly improbable that the firearms were connected with Logan's drug offense. See U.S.S.G. § 2D1.1, comment. (n.3); United States v. Mitchell, 31 F.3d 271, 277-78 (5th Cir. 1994). The testimony showed that at the time of Logan's arrest, the firearms were located in Logan's bedroom which was six to eight feet from where Logan was observed. Moreover, at the time of Logan's arrest, he was found in possession of methamphetamine.

Logan also contends that the district court erred by concluding that his prior convictions for burglary of a motor vehicle were not related for purposes of U.S.S.G. § 4A1.2(a)(2). Although Logan asserts that his prior crimes were related for the purpose of U.S.S.G. § 4A1.2(a)(2) because they were functionally consolidated, he has failed to make a sufficient showing to overcome the deference afforded to the district court's ruling on that issue. See Buford v. United States, 532 U.S. 59, 64 (2001). The district court also correctly concluded that his prior crimes were not part of a "single common scheme or plan." U.S.S.G. § 4A1.2, comment. (n.3); see also United States v. Robinson, 187 F.3d 516, 519 (5th Cir. 1999). Accordingly, the district court's judgment is AFFIRMED.