United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10654
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANCISCO JAVIER RODRIGUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-30-ALL-A
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

        Francisco Javier Rodriguez appeals his conviction and

sentence for illegal reentry after deportation.  Rodriguez has

filed a motion for leave to file an out-of-time reply brief; that

motion is GRANTED.  He first argues on appeal that the district

court erred in its application of U.S.S.G. § 4A1.2 by counting

three prior drug convictions separately, which increased his

criminal history score and resulted in a higher guideline range.

We conclude that Rodriguez has not shown that the district court

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

clearly erred in finding that the prior cases were not consolidated.  See Buford v. United States, 532 U.S. 59, 64-66 (2001); United States v. Moreno-Arredondo, 255 F.3d 198, 203 n.10 (5th Cir. 2001.  "The applicability vel non of Tex. Penal Code § 3.03 does not affect our analysis."  United States v. Fitzhugh, 984 F.2d 147 n.18 (5th Cir. 1993)

The district court did not clearly err in finding that the three prior offenses were unrelated.  Rodriguez's three convictions involved three separate transactions over a three-month period involving differing amounts of cocaine.  Furthermore, although Rodriguez was charged for all of the offenses on the same day by the same judge and his sentences were concurrent, he was indicted separately for each offense, each indictment was assigned a different docket number, and the sentences were not all the same length.  The foregoing suggests that the two offenses should not be considered consolidated for federal sentencing purposes.  See United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998); United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999).

Rodriguez also argues that his guilty plea was not voluntary because the district court did not admonish him that the "aggravated felony" provision of 8 U.S.C. § 1326(b)(2) stated an essential element of the offense to which he was pleading guilty. He acknowledges that his arguments are foreclosed by circuit precedent, but he seeks to preserve the issue for possible

Supreme Court review in light of the Supreme court's decision in Apprendi v. New Jersey, 530 U.S. 466, 519 (2000).  As Rodriguez concedes, this issue is foreclosed.  See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.