United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51063
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

INOCENCIO GUERRERO-ZAVALA,
also known as Mario Alberto Guerrero-Zavala,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-821-ALL-DB
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Inocencio Guerrero-Zavala (Guerrero) appeals his sentence

for illegal reentry following deportation.  Guerrero contends

that the district court erred by failing to treat his prior

state-court assault convictions as "related cases" for purposes

of U.S.S.G. § 4A1.2(a)(2).  Among other things, Guerrero contends

that the evidence demonstrated the "functional consolidation" of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the cases based on an agreement among the parties and the court to dispose of them in the same proceeding.

A district court's determination that cases were consolidated for trial or sentencing is reviewed only for clear error.  See United States v. Moreno-Arredondo, 255 F.3d 198, 203 n.10 (5th Cir. 2001).  "[A] finding that prior cases were 'consolidated' will require either some factual connexity between them, or else a finding that the cases were merged for trial or sentencing."  United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998)(citation omitted).

As Guerrero concedes, his prior assault convictions constituted separate offenses that occurred on different dates. The cases were filed under separate cause numbers, which they respectively retained through sentencing; the cases were not consolidated under a single docket number.  Despite Guerrero's argument to the contrary, "[t]his court has [] rejected the proposition that cases must be considered consolidated simply because two convictions have concurrent sentences."  United States v. Garcia, 962 F.2d 479, 482 (5th Cir. 1992)(internal quotation marks and citation omitted), abrogated on a different ground by Buford v. United States, 532 U.S. 59, 63-66 (2001). Furthermore, the mere fact that both assaults stemmed from domestic disputes is insufficient to make the offenses factually related since more is required than a showing that the crimes were similar.  See id.  Given these circumstances, the district

court did not clearly err in finding that Guerrero's prior assault offenses were not "related" to one another.  See Moreno-Arredondo, 255 F.3d at 203 n.10.

Guerrero also contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.  He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Guerrero's contention lacks merit because Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.