United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20844
SUMMARY CALENDAR

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL DAVIS,

Defendant - Appellant;

——————————————————————————————————————

On Appeal from the United States District Court for the
Southern District of Texas
(H-02-CR-634-1)

——————————————————————————————————————

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review Daniel Davis' (hereinafter, "Davis") sentence of 151 months' imprisonment imposed after he pleaded guilty to (1) conspiracy to violate the laws of the United States by receiving, possessing, selling, and disposing of stolen firearms, (2) aiding and abetting the receiving, possessing, selling, and disposing of firearms, (3) theft from a federal firearms licensee, and (4) receipt of a firearm while under indictment.

———————————

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

Though Davis pleaded guilty to the burglary of a gun range, he argues that he did not posses any firearms upon entering the gun range, and that his subsequent possession of the stolen firearms after breaking into the gun range does not satisfy the nexus requirement for possession for the purposes of U.S.S.G. § 2K2.1(b)(5). We disagree.

This court has held that subsequent possession of firearms satisfies the nexus requirement for possession because those firearms could have been used to facilitate the crimes at issue. *See United States v. Armstead*, 114 F.3d 504, 512 (5th Cir. 1997); *United States v. Mitchell*, 166 F.3d 748, 754 (5th Cir. 1999). Based upon the facts in this case, the district court did not clearly err in applying the U.S.S.G. § 2K2.1(b)(5) increase.

Davis next argues that his three prior state robbery convictions should be treated as a single conviction for the purposes of calculating his criminal history score and base offense level because Davis was sentenced for all three crimes at the same time. Davis also argues that the robberies were committed to achieve the common goal of supporting Davis' drug habit. Again, we disagree with Davis' argument.

Davis committed one robbery on February 21, 2001 and two robberies on February 28, 2001. Further, though the three robberies may have shared a common motive, that is not sufficient evidence to consider the offenses related under U.S.S.G. § 4A1.2(a)(2) for the purposes of calculating Davis' criminal history score. *See United States v. Robinson*, 187 F.3d 516, 519 (5th Cir. 1999). Thus, the district court properly relied on the Presentencing Report and did not clearly err in finding that no functional consolidation of the offenses had occurred in the state court. *See Mitchell*, 166 F.3d at 754; *Buford v. United States*, 532 U.S. 59, 64 (2001).

For the foregoing reasons, we uphold the sentence and conviction. AFFIRMED.