UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael TUCKER, Defendant–
Appellant.

No. 03–5915.

United States Court of Appeals,
Sixth Circuit.

June 15, 2004.

Tammy Owens Combs, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Daniel J. Ripper, Luther, Anderson, Chattanooga, TN, for Defendant–Appellant.

Before KEITH, CLAY, and GIBBONS, Circuit Judges.

## ORDER

Michael Tucker appeals his sentence of imprisonment imposed upon his plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The government expressly waives oral argument. Tucker's failure to include a statement requesting oral argument in his appellate brief is deemed to be a waiver of oral argument pursuant to Rule 34(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A presentence investigation report was prepared in contemplation of sentencing. That report did not provide for a mitigating-role reduction in Tucker's offense level computation. At sentencing, Tucker objected and claimed to be entitled to a mitigating-role reduction under USSG § 3B1.2. The district court overruled Tucker's objection and sentenced him to 155 months of imprisonment and three years of supervised release.

On appeal, Tucker claims that the district court erred in denying him a mitigating-role reduction pursuant to USSG § 3B1.2 for having a small role in the bank robbery.

We review a district court's factual findings underlying a sentencing decision for clear error and give due deference to the district court's application of a sentencing guideline to a factual situation. *United States v. Ennenga,* 263 F.3d 499, 502 (6th Cir.2001) (citing *Buford v. United States,* 532 U.S. 59, 66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)). We conduct a de novo review where a matter presents strictly a question of law concerning the application of the guidelines. *See United States v. Canestraro,* 282 F.3d 427, 431 (6th Cir.2002). However, the more fact bound the application inquiry, the more deferential the standard of review. *See United States v. Jackson–Randolph,* 282 F.3d 369, 389 (6th Cir.2002); *United States v. Humphrey,* 279 F.3d 372, 379 n. 4 (6th Cir.2002). Whether a defendant is entitled to a downward adjustment under § 3B1.2 depends heavily on factual determinations, which we review only for clear error. *United States v. Solorio,* 337 F.3d 580, 600 (6th Cir.), *cert. denied,* — U.S. ——, 124 S.Ct. 850, 157 L.Ed.2d 723 *and* 857 (2003); *United States v. Campbell,* 279 F.3d 392, 396 (6th Cir.2002).

Under § 3B1.2, a defendant can receive a four-level reduction for being a minimal participant or a two-level reduction for being a minor participant. A minimal participant is one who is plainly among the

least culpable of those involved in the conduct of a group, and a minor participant is one who is less culpable than most other participants, but whose role could not be described as minimal. USSG § 3B1.2, comment. (nn.1, 3). Tucker has the burden of proving, by a preponderance of the evidence, that he is entitled to the reduction. *United States v. Bartholomew,* 310 F.3d 912, 924 (6th Cir.2002), *cert. denied,* 537 U.S. 1177, 123 S.Ct. 1005, 154 L.Ed.2d 923 (2003).

Upon review, we conclude that Tucker failed to meet his burden of proving that he is less culpable than the other participants in the bank robbery. In essence, Tucker contends that because his co-defendants had already planned the robbery and acquired the necessary materials for carrying out the robbery, he is entitled to a mitigating-role reduction. A defendant's actions should be compared to those of the average participant in a similar scheme. *United States v. Jackson,* 55 F.3d 1219, 1224–25 (6th Cir.1995). The record reveals that Tucker's co-defendants, Marlin Borngne and David Tatum, planned the bank robbery but delayed their plans because things were "not right." The pair called Tucker and asked him to join them in the bank robbery. The trio decided who would carry the gun, who would take the money, and that Tucker would stand at the bank's doors and act as the lookout. Thus, Tucker's inclusion was pivotal to the plan's accomplishment. *See id.* The district court judge denied any reduction on the basis that it was "uncontested that this defendant's role was essential for the commission of the offense." This was an accurate application of the law. *United States v. Samuels,* 308 F.3d 662, 672 (6th Cir. 2002) ("participants who are indispensable to the conspiracy are not entitled to a role reduction pursuant to USSG § 3B1.2.").

Tucker admitted that he realized that the only people involved in the bank rob-

bery would be himself and his two co-defendants. Tucker was in the get-away car when Borngne was disguising himself. The men entered the bank within minutes of one another and each man fulfilled his assigned role. Tucker also acted as the get-away driver. Tucker offered no evidence as to how the proceeds would be divided or any evidence that he would receive a mere pittance suggesting minimal participation. In short, Tucker fulfilled his assigned role and offered nothing at sentencing to suggest that he did not understand or have knowledge of the scope and structure of the robbery or the activities of his two co-defendants. The district court did not commit clear error in denying Tucker a mitigating-role reduction pursuant to USSG § 3B1.2.

Accordingly, we hereby affirm the district court's judgment.