**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Douglas HALL, Defendant–Appellant.**

**No. 03–3741.**

United States Court of Appeals, Sixth Circuit.

June 22, 2004.

Terry Lehmann, Asst. U.S. Attorney, U.S. Attorney's Office, Cincinnati, OH, Mike Marous, Asst. U.S. Attorney, U.S. Attorney's Office, Columbus, OH, for Plaintiff–Appellee.

Thomas M. Tyack, Tyack, Blackmore & Liston, Columbus, OH, for Defendant–Appellant.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

RYAN, Circuit Judge.

In this direct appeal, Douglas Hall requests that his convictions and sentences be vacated and the case be remanded. Hall was convicted on one count of conspiring to introduce into the commerce of the United States imported merchandise, to wit, Honduran artifacts, by means of false statements and documents, and contrary to law, in violation of 18 U.S.C. § 371; one count of receiving, transporting, concealing

or selling merchandise which had previously been imported contrary to law, in violation of 18 U.S.C. §§ 2 and 545; and one count of introducing or entering goods into the United States by means of false statements, in violation of 18 U.S.C. §§ 2 and 542. Hall raises numerous issues on appeal. As none of these claims has any merit, the defendant's convictions and sentences are affirmed.

## I.

The parties and their counsel are familiar with the facts, and, therefore, they need not be recounted in detail in this unpublished opinion. It is enough to say that Hall was convicted in connection with his activities in importing into the United States a large quantity of Honduran artifacts. Although Hall paid $11,000 for the artifacts, he and others, in preparing Customs paperwork, used a false receipt, which showed that a number of ceramics had been purchased from a souvenir shop in Honduras for approximately $37. As a result of these false statements and documents, the artifacts were never inspected and passed Customs under "informal entry."

Hall and an accomplice cleaned, repaired, and offered the artifacts for sale in Hall's shop in Ohio. An undisclosed person informed the United States Customs Service that artifacts were being sold at Hall's shop. Agent Polonet conducted an investigation and eventually obtained search warrants for the shop and Hall's home. Upon execution of these warrants, the government seized 260 artifacts, along with a number of replicas and documents.

## II.

### A.

Before trial, Hall filed a motion to suppress "all evidence obtained as a result of a search warrant issued and executed for [his shop]." After a so-called *Franks* hearing on Hall's motion to suppress, the district court denied the motion in a written order. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Hall renewed his objection on appeal, arguing that the agent who obtained the warrants "padded the truth in his affidavit" and "consciously misled the magistrate." Hall claims that the district court erred in failing to suppress the evidence under the rationale of *Franks, id.*

*Franks* holds that a search based on a warrant containing deliberately or recklessly false allegations is invalid unless the remaining portions of the supporting affidavit provide probable cause. *Franks*, 438 U.S. at 171–72. When considering whether to suppress evidence based on an allegation that the underlying affidavit contained false statements, a court must apply a two-part test: "1) whether the defendant has proven by a preponderance of the evidence that the affidavit contains deliberately or recklessly false statements and 2) whether the affidavit, without the false statements, provides the requisite probable cause to sustain the warrant." *United States v. Charles*, 138 F.3d 257, 263 (6th Cir.1998). The deliberate falsehood must be material, *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir.1993), and courts are to examine the totality of the circumstances in determining whether probable cause exists, *United States v. Hammond*, 351 F.3d 765, 771 (6th Cir.2003).

The district court's findings about the truth or falsity of statements in the affidavit and about the reckless character of any falsehoods are findings of fact and are reviewed for clear error, while the court's determination of materiality is reviewed *de novo. United States v. Elkins*, 300 F.3d 638, 649 (6th Cir.2002).

We have carefully reviewed the record and are satisfied that the district court did not clearly err in finding that Agent Polonet's statement regarding his search of Custom's databases "was, in fact, true." We are also satisfied that the other allegedly false statements in Agent Polonet's affidavit were not material to the offenses charged. Accordingly, we hold that the district court did not err in denying Hall's motion to suppress.

Hall contends that the district court abused its discretion in excluding evidence which tended to show that Hall knew that items imported from Honduras were duty free. This court reviews a district court's decision to exclude evidence for abuse of discretion. *United States v. Bartholomew*, 310 F.3d 912, 920 (6th Cir.2002), *cert. denied*, 537 U.S. 1177, 123 S.Ct. 1005, 154 L.Ed.2d 923 (2003).

We have carefully examined the record and are satisfied that the district court did not abuse its discretion in excluding evidence that was immaterial to the offenses charged.

### C.

Hall argues that the district court erroneously applied U.S.S.G. § 2B1.1, the guideline provision pertaining to stolen property, as opposed to § 2T3.1, the guideline provision pertaining to smuggled property. He concedes that Section 2B1.1 would have been the appropriate section to apply if "the items he imported were contraband or stolen goods." He argues, however, that Section 2B1.1 was inappropriate on the facts of this case because "[t]he items in question are not stolen goods in the classical sense," nor are they "contraband in any normal sense of the word."

Under the Sentencing Guidelines, we review the district court's factual findings for clear error, and we "give due deference to the district court's application of the guidelines to the facts." *United States v. Williams*, 355 F.3d 893, 897–98 (6th Cir. 2003) (internal quotation marks and citation omitted); *see also Buford v. United States*, 532 U.S. 59, 63–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001). In applying other provisions of the guidelines, we have stated that the clear error standard is appropriate for reviewing sentencing decisions "where the sole issue before the district court is a fact-bound application of the guideline provisions." *United States v. Jackson–Randolph*, 282 F.3d 369, 390 (6th Cir.2002).

The issue before the district court involved a fact-bound application of the guideline provisions. Giving due deference to the court, there is no basis for reversing its determination that the artifacts at issue in this case were stolen goods and/or contraband. Accordingly, we affirm the court's application of U.S.S.G. § 2B1.1 to the facts of this case.

### D.

Hall next argues that the district court clearly erred in calculating the amount of loss for purposes of applying U.S.S.G. § 2B1.1(b)(1). Loss calculation is a factual determination we do not disturb unless we conclude that it is clearly erroneous. *See United States v. Comer*, 93 F.3d 1271, 1285 (6th Cir.1996). A finding is clearly erroneous when, although there is evidence to support such a finding, a reviewing court is left with the definite and firm conviction that a mistake has been committed. *Id.* We have, on numerous occasions, stated: "To the extent that one challenges the district court's calculation of loss, . . . the appellant bears the heavy burden of persuading the reviewing court that 'the evaluation of the loss was not only inaccurate, but was outside the realm of permissible computations.'" *United States v. Logan*,

250 F.3d 350, 370 (6th Cir.2001) (quoting *United States v. Jackson*, 25 F.3d 327, 330 (6th Cir.1994)).

Upon review of the record, we cannot say that the district court's loss calculation " 'was outside the realm of permissible computations.' " *Id.* (citation omitted). Accordingly, the court's loss calculation is affirmed.

### E.

Hall further argues that the district court erred in enhancing his offense level because these offenses involved more than minimal planning. He claims that the enhancement under U.S.S.G. § 2B1.1(b)(4)(A) was unjustified on the facts of this case.

This court reviews the district court's "more than minimal planning" finding for clear error. *United States v. Moore*, 225 F.3d 637, 642 (6th Cir.2000). Although no published case in this circuit has considered whether the Supreme Court's holding in *Buford v. United States*, 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), which dealt with the standard of review that appellate courts should use when reviewing the Sentencing Guidelines decisions of the district courts, alters this standard, a number of unpublished opinions have continued to apply the standard of review articulated above, post-*Buford*. In short, findings of fact are reviewed for clear error, and a deferential standard of review is applied to the court's application of the guidelines to the facts.

Upon a careful review of the record, we are satisfied that the district court did not clearly err in finding that Hall engaged in more than minimal planning and in applying the enhancement provision in § 2B1.1(b)(4)(A) accordingly.

### F.

Finally, Hall argues that the district court erred in enhancing his offense level because of his leadership role in these offenses. He claims that the enhancement under U.S.S.G. § 3B1.1 was unjustified on the facts of this case.

After the Supreme Court's decision in *Buford*, "it is unclear what standard of review we employ with regard to a district court's enhancement decision under § 3B1.1." *United States v. Solorio*, 337 F.3d 580, 600 (6th Cir.), *cert. denied*, —— U.S. ——, 124 S.Ct. 850, 157 L.Ed.2d 723, *and cert. denied*, —— U.S. ——, 124 S.Ct. 857, 157 L.Ed.2d 730 (2003). No published case in this circuit has resolved that question. Like the *Solorio* court, we decline to resolve the question here because we would affirm the district court's application of the enhancement regardless of whether our review of the district court's application of the guidelines to the facts is deferential or *de novo*. It is clear, however, that factual findings made by the district court are reviewed for clear error. *United States v. Darwich*, 337 F.3d 645, 666 (6th Cir.2003).

The district court found that Hall was "an organizer, leader, manager, and supervisor of this particular criminal activity," and it found that he directed at least one other participant in the criminal scheme. Upon a careful review of the record, we cannot say that the district court clearly erred in these factual findings. We are also satisfied that the court properly applied the enhancement of Section 3B1.1 to the facts of this case. Accordingly, we affirm the court's leadership role enhancement.

### III.

For the above-stated reasons, the defendant's convictions and sentences are **AFFIRMED**.