# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 4, 2007

Charles R. Fulbruge III
Clerk

No. 06-11337
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOHN B BROADUS, also known as Blacc

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-76-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

John B. Broadus appeals his sentence following his guilty plea to five counts of an indictment charging him with conspiracy, distribution, and possession with intent to distribute cocaine base. Broadus contends that the district court erred by overruling his objections to information that was based on hearsay and unsworn statements in violation of his Sixth Amendment right to confront witnesses as set forth in Crawford v. Washington, 541 U.S. 36 (2004).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court has held that the Confrontation Clause does not apply at sentencing. United States v. Mitchell, 484 F.3d 762, 776 (5th Cir.), cert. denied, 128 S.Ct. 297 (2007); United States v. Beydoun, 469 F.3d 102, 108 (5th Cir. 2006). Broadus simply argues that this holding is incorrect and should be reversed. A panel of this court cannot overrule a prior panel's decision in the absence of intervening contrary or superseding authority. Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).

Broadus argues that the district court committed Sixth Amendment error in light of United States v. Booker, 543 U.S. 220 (2005), by adopting the facts that were not proved beyond a reasonable doubt. Booker eliminated any Sixth Amendment error caused by judicial factfinding with respect to sentencing determinations by rendering the Sentencing Guidelines advisory rather than mandatory. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Broadus is asking the court to reverse Mares. As in the prior issue, one panel of the court may not overrule another. See Burge, 187 F.3d at 466.

Broadus asserts that all three of his felony drug convictions were related for purposes of his criminal-history score because they had been consolidated for sentencing. Whether prior convictions are related under U.S.S.G. § 4A1.2 because they were functionally consolidated for trial or sentencing is a question of fact accorded deferential review under the clear-error standard. Buford v. United States, 532 U.S. 59, 64-66 (2001). In United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999), the court held that two offenses involving delivery of cocaine, occurring one week apart, were not related even though the defendant was sentenced by same judge on same date for each offense and sentences were concurrent. The district court did not err in determining that Broadus's convictions were unrelated for the purpose of calculating his criminal history.

The Government's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time to file a brief is DENIED. The district court's judgment is AFFIRMED.