**UNITED STATES of America,**
**Plaintiff–Appellee/Cross–**
**Appellant,**

v.

**Marco HOUSTON, Defendant–**
**Appellant/Cross–Appellee.**

Nos. 03–1869, 03–2065.

United States Court of Appeals,
Sixth Circuit.

Aug. 23, 2004.

Patricia G. Gaedeke, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee Cross–Appellant.

Martin J. Beres, St. Clair Shores, MI, for Defendant–Appellant Cross–Appellee.

Before: MOORE and COLE, Circuit Judges; and MARBLEY, District Judge.*

### ORDER

Marco Houston appeals his judgment of conviction and sentence. The government cross appeals Houston's sentence of imprisonment. The parties have filed briefs and expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Houston was charged with aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a) and aiding and abetting the use of a firearm during the bank robbery in violation of 18 U.S.C. §§ 2 and 924(c)(1). The jury acquitted Houston on the firearm charge but convicted him on the bank robbery charge.

A presentence investigation report was prepared in contemplation of sentencing that called for a five-level increase in Houston's base offense level pursuant to USSG § 2B3.1(b)(2)(C) because one of Houston's co-defendants (Arthur Bowlson) brandished a firearm during the robbery. Houston objected to the five-level increase

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

primarily on the ground that the jury found him not guilty on the firearm offense. The district court concluded that "Mr. Houston is not entitled to the five extra points" and sustained the objections. Consequently, the district court calculated Houston's guideline range as seventy to eighty-seven months of imprisonment and subsequently sentenced him to seventy-two months of imprisonment.

On appeal, Houston contends that: 1) insufficient evidence supports his conviction on the charge of aiding and abetting in a bank robbery; and 2) he was denied a fair trial because the government relied on the false testimony of two FBI Special Agents to convict him. On cross-appeal, the government contends that the district court erred by refusing to apply the gun enhancement in calculating Houston's sentence.

## I.

Houston contends that the government presented insufficient evidence to prove beyond a reasonable doubt that he aided and abetted the commission of a bank robbery. Houston does not dispute that the a bank robbery occurred; instead, he contends that the government failed to prove that he had any role in it. In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the government and will affirm the jury's verdict unless no rational trier of fact could have found beyond a reasonable doubt that the defendant committed the offense charged. *United States v. Morrow*, 977 F.2d 222, 230 (6th Cir.1992). Circumstantial evidence alone may sustain a conviction under this deferential standard of review. *United States v. Adams*, 265 F.3d 420, 423 (6th Cir.2001).

In order to prove a violation of 18 U.S.C. § 2113(a), the government must show: 1) that by force or threat of force; 2) the defendant attempted to take from a person in another's presence an item of value; and 3) that is in the custody or control of a bank. *United States v. Waldon*, 206 F.3d 597, 605 (6th Cir.2000) (interpreting 18 U.S.C. § 2113(a)). Houston was charged and convicted for aiding and abetting the commission of a bank robbery. To be convicted as an aider and abettor, the government had to prove that Houston offered assistance or encouragement to his principal in the commission of a substantive offense. *United States v. Webber*, 208 F.3d 545, 553 (6th Cir.2000). An aider and abettor may be punished as a principal. *United States v. Maselli*, 534 F.2d 1197, 1200 (6th Cir.1976). Aiding and abetting requires that a defendant in some sort associate himself with the venture, that he participate in it as something he wishes to bring about, and that he seek by his action to make it succeed. *United States v. Lowery*, 60 F.3d 1199, 1202 (6th Cir.1995).

■ The evidence presented at trial against Houston was more than sufficient to support his conviction. Houston's accomplice, Robert Moore, testified that Houston met with himself, Arthur Bowlson, and Armont Jefferson to plan a bank robbery on September 18, 2001; Houston arrived at the meeting in the getaway car; Houston participated in stealing the gun that Bowlson used to rob the bank; Houston participated in selecting and "casing" the bank to be robbed; Houston waited outside while Bowlson committed the robbery; and Houston attempted to conceal his involvement in the bank robbery by lying to the women whose cars were used in the robbery about what happened and by telling three false stories to law enforcement officers before finally confessing to his role in the offense. Based on this evidence alone, a rational trier of fact could have found beyond a reasonable

doubt that Houston aided and abetted the commission of a bank robbery.

## II.

■ Houston failed to establish that the government relied on deliberately false testimony at trial. Houston contends that two FBI Special Agents who were present when he confessed committed perjury at trial. The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. *United States v. Lochmondy,* 890 F.2d 817, 822 (6th Cir.1989). This rule applies to both the solicitation of false testimony and the knowing acquiescence in false testimony. *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). To prevail on a claim that the government presented perjured testimony, a claimant must show: 1) that the statements were actually false; 2) the statements made were material; and 3) the prosecution knew they were false. *United States v. Pierce,* 62 F.3d 818, 834 (6th Cir.1995). The burden is on Houston to show that the testimony was false. *United States v. Griley,* 814 F.2d 967, 971 (4th Cir.1987). Even if the court assumed that the statements were actually false and material, Houston concedes that inconsistencies in the witnesses' testimony do not establish that the government knowingly used false testimony. Thus, Houston fails to meet his burden of showing that the government presented perjured testimony.

## III.

■ Finally, we conclude that the district court erred by not applying a five-level sentencing enhancement because a gun was brandished during the robbery. A presentence investigation report was prepared in contemplation of sentencing that called for a five-level increase in Houston's base offense level pursuant to USSG § 2B3.1(b)(2)(C) because one of Houston's co-defendants (Arthur Bowlson) brandished a firearm during the robbery. Houston objected to the five-level increase primarily on the ground that the jury found him not guilty on the firearm offense. The district court concluded that "Mr. Houston is not entitled to the five extra points" and sustained the objection. We review a district court's factual findings underlying a sentencing decision for clear error and give due deference to the district court's application of a sentencing guideline to a factual situation. *United States v. Ennenga,* 263 F.3d 499, 502 (6th Cir.2001) (citing *Buford v. United States,* 532 U.S. 59, 66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)). The court conducts a de novo review where a matter presents strictly a question of law concerning the application of the Guidelines. *See United States v. Canestraro,* 282 F.3d 427, 431 (6th Cir.2002). However, the more fact-bound the application inquiry, the more deferential the standard of review. *See United States v. Humphrey,* 279 F.3d 372, 379 n. 4 (6th Cir.2002).

An acquittal under 18 U.S.C. § 924(c) does not preclude a sentencing enhancement under USSG § 2B3.1(b)(2)(C) because the government's burden of proof is significantly lighter at sentencing than at trial. *United States v. McCall,* 85 F.3d 1193, 1198 (6th Cir.1996). For purposes of USSG § 2B3.1(b)(2)(C), the district court need only find by a preponderance of the evidence that the defendant participated in a jointly undertaken criminal activity during which a firearm was foreseeably possessed or brandished. *Id.;* USSG § 1B1.3(a)(1)(B) (providing that for sentencing purposes a defendant is responsible for all reasonably foreseeable acts of

others in furtherance of a jointly undertaken criminal activity).

The district court heard testimony from two FBI Special Agents that Houston admitted that he knew a gun was taken from "Eastwood" to be used in the robbery. No contradictory testimony was produced. Thus, there is no basis in the record on which the court could find the agents' testimony incredible, and the district court did not attempt to articulate a basis for finding the agents' testimony to be incredible. The district court also heard Robert Moore testify that Houston personally took the gun from "Eastwood's" home. Nothing exists in the record to suggest how the district court found by a preponderance of the evidence that while Houston participated in a jointly undertaken bank robbery, a firearm was not foreseeably possessed or brandished. While some doubt might be entertained with respect to who actually took the gun from "Eastwood," no doubt exists on the immediate record that Houston knew that Arthur Bowlson was going to use a gun to rob the bank. Consequently, the district court erred by not applying the § 2B3.1(b)(2)(C) sentencing enhancement.

Accordingly, we hereby affirm Houston's judgment of conviction and remand the case to the district court for resentencing consistent with this opinion.