NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0032n.06
Filed: October 20, 2004

No. 03-1338

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| JUSTIN C. WILSON | ) | |
| | ) | **O P I N I O N** |
| *Defendant-Appellant.* | ) | |
| | ) | |

BEFORE:    MARTIN, COLE, and GIBBONS, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.**  This case is an appeal of a sentence entered by the district court on March 3, 2003.  During sentencing, Defendant-Appellant Justin Wilson received a two-point sentence enhancement for a leadership or management role in a criminal conspiracy to distribute marijuana and launder the proceeds.  For the following reasons, we **AFFIRM** the sentence of the district court.

**I.  BACKGROUND**

At some point in 1999, Wilson was contacted by a man named Gabriel Guerrero in Laredo, Texas, who was a marijuana supplier.  Wilson agreed to receive packages of marijuana in Lansing, Michigan, from Guerrero.  Wilson would then sell or arrange for the sale of the marijuana and pay Guerrero for the marijuana via a wire transfer service.

On or about May of 2000, Wilson entered into an agreement with Byron Williams whereby Wilson obtained the marijuana from the supplier and Williams sold the marijuana. Wilson and Williams then moved in together, in part, to facilitate the criminal conspiracy. During the course of the conspiracy, Wilson and Williams were arrested. Wilson pleaded guilty to a two-count indictment charging conspiracy to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841 and 846, and conspiracy to launder money in violation of 18.U.S.C. § 1956(h).

During the plea and sentencing hearing, Wilson, represented by counsel and under oath, described his role in the conspiracy. Wilson testified that he was the primary contact with Guerrero, the marijuana supplier; that he arranged for the delivery of the marijuana to various addresses of his choosing in Lansing, Michigan; that he was responsible for ensuring the delivery of payment for the marijuana to Guerrero; and that he was responsible for recruiting others to facilitate the receipt of the marijuana packages and the sending of payments via wire transfer. Evidence also established that Wilson would recruit family members or women with whom he had romantic relationships to receive the marijuana packages or send the wire transfers – often without knowledge of the content of the packages or the purpose of the wire transfers.

During sentencing, the Government sought a two-level enhancement under U.S.S.G. § 3B1.1(c) for a leadership or management role in a criminal conspiracy. The district court agreed and imposed the enhancement.

Wilson timely appealed his sentence, challenging only the leader or manager role enhancement.

## II. DISCUSSION

This Court has jurisdiction over the appeal of a criminal sentence entered into by a district court. *See* 28 U.S.C. § 1291; 18 U.S.C. § 3742(a).

This Court reviews the district court's factual findings for a leadership or management enhancement under § 3B1.1 for clear error, and the legal conclusions in applying the guideline *de novo. United States v. Taylor,* 248 F.3d 506, 515 (6th Cir. 2001); *United States v. Solorio,* 337 F.3d 580, 600 (6th Cir. 2003).[1]

Under U.S.S.G. § 3B1.1, a defendant may receive an increase in the offense level for a leadership or management role in a criminal conspiracy. That section states:

> Based on the defendant's role in the offense, increase the offense level as follows:
>
> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
>
> (b) If the defendant was a manager or supervisor (but not organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
>
> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

*See* U.S.S.G. § 3B1.1. Commentary to this section states in relevant portion:

> 1. A "participant" is a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally

---

[1]It should be noted here that the *Solorio* court states that it is "unclear" what standard of review is used in a § 3B1.1 leadership sentence enhancement, given recent Supreme Court case law. *Solorio,* 337 F.3d at 600 (citing *Buford v. United States,* 532 U.S. 59 (2001)). However, as with the *Solorio* court, we decline to determine whether to apply a deferential or more exacting standard of review, since the outcome is not affected by the application of either standard.

> responsible for the commission of the offense (e.g., an undercover law enforcement officer) is not a participant.
>
> 2. To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.
>
> 3. In assessing whether an organization is "otherwise extensive," all persons involved in the course of the entire offense are to be considered. Thus, a fraud that involved only three participants but used the unknowing services of many outsiders could be considered extensive.
>
> 4. In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling. Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in the planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*See id.*

Wilson first argues that the leadership or management enhancement is improper because Wilson was not a leader or manager of "participants," defined as those who were criminally culpable for the offense. *See Untied States v. Schultz,* 14 F.3d 1093, 1099 (6th Cir. 1994) (noting that leadership or management enhancement requires "the participation of at least two culpable individuals so that leadership of some criminal enterprise or organization, however minimal, can be claimed"). Wilson notes that the Government conceded that the other persons whom Wilson recruited to facilitate the conspiracy without knowledge of the criminal activity could not qualify as participants as defined by the Sentencing Guidelines. Wilson then argues that the district court

based its finding of leadership or management "solely on his relationship with nonparticipants."

Wilson further argues that the enhancement cannot be based on his relationship with Williams, the

co-conspirator. Wilson argues that he was a "partner" with Williams and had no supervisory or

leadership role in the conspiracy. Wilson asserts that both he and Williams were active in drug

trafficking before they engaged in the instant conspiracy, and that their activity should seen as a

"merger" of operations rather than a recruitment of Williams by Wilson.

By contrast, the Government argues that Wilson was a leader or manager of Williams; that

he had responsibility for the procurement and payment of the marijuana from the supplier; and that

he had decision-making authority regarding the details of the delivery and payment. The

Government further asserts that even though it conceded that persons without knowledge of the

conspiracy were non-participants, at least one of Wilson's friends used to facilitate the receipt of

packages knew of the drug activity.

Upon review, Wilson has failed to establish that the district court erred. As an initial matter,

the district court did not base the leadership or management enhancement solely on his relationship

with non-participants in the conspiracy. In relevant portion, the district court gives the following

reasons for the enhancement:

> Who made the decision as to how this matter was to be distributed once it was
> brought through interstate commerce into Michigan? It was this defendant ....
> Who made the decision concerning who was to be involved, whether they knew they
> were involved or not? [] The defendant did ....
> The degree of participation and planning, the organization of the offense, the nature
> and the scope of the illegal activity, and the degree of control and authority exercised
> over others, I think that all goes to the two points. So the Court believes that there's
> more than adequate evidence here – there isn't even a close question – that as to the
> two-point augmentation, which is a very minor augmentation, that there is a

leadership role of Mr. Wilson played in this case that should be calculated into the formulation . . ..

Ample evidence exists to support the district court's conclusion. First, Wilson had substantial decision-making authority regarding the details of the procurement. *See* U.S.S.G. § 3B1.1, Commentary n. 4 (noting that decision-making authority is a factor in determining whether the enhancement is appropriate). Wilson testified that he was the person directly responsible for the procurement from a participant of the conspiracy, the marijuana supplier Guerrero. Wilson also testified that he determined the various addresses to which the marijuana was to be sent. Wilson was also solely responsible for the payment of the supplier and testified that he was responsible for the recruitment of non-participants to facilitate such payment.

Second, the evidence establishes that Wilson recruited accomplices to participate in the conspiracy. *See* U.S.S.G. § 3B1.1, Commentary n. 4 (noting that recruitment is a factor in determining whether the enhancement is appropriate). Despite Wilson's arguments to the contrary, the evidence establishes that Wilson recruited Williams to help distribute the marijuana purchased from Guerrero.

Third, the evidence establishes that Wilson was intimately involved in the planning and organization of the conspiracy. *See* U.S.S.G. § 3B1.1, Commentary n. 4 (noting that the degree of participation in planning or organizing the offense is a factor in determining whether the enhancement is appropriate). Wilson testified during the plea hearing that he was the essential intermediary between Guerrero and Williams.

Given these factors the district court did not err in determining that Wilson was a leader, manager, or organizer of the other criminally culpable participants in this conspiracy, Guerrero and Williams.[2] *See* U.S.S.G. § 3B1.1, Commentary n. 2 (noting that multiple participants in the criminal conspiracy are required for the leadership or management enhancement); *United States v. Caseslorente,* 220 F.3d 727, 734-35 (6th Cir. 2000) (noting § 3B1.1 requires that defendant led, organized, managed, or supervised at least one other criminally culpable individual).

In addition to the management or leadership role of participants, § 3B1.1 also makes explicit that a supervisory role over "the property, assets, or activities of a criminal organization" can also warrant the enhancement. *See* U.S.S.G. § 3B1.1, Commentary n. 2. Here, Wilson testified that he had sole responsibility for the procurement of the marijuana from Guerrero, and he was solely responsible for payment of the same. Indeed, after a shipment was lost, Wilson himself was obligated to pay for the missing marijuana. The district court also noted during sentencing that Wilson had sole responsibility for the contraband.

Such a conclusion is consistent with our precedent. As this Court has previously noted:

> [Section 3B1.1 does not require that] the defendant must directly employ or control a partnership or enterprise. Organizing and coordinating an interstate, or as the district court found in this case, an international scheme of distribution that brings contraband into a community for distribution on a continuing basis should be sufficient to qualify a single individual as an "organizer" of criminal activity. With

---

[2]As noted by Wilson, the Government's contention that at least one of Wilson's friends used to facilitate payment knew of the conspiracy, and is therefore a participant, is improper. This information was disclosed by Wilson during his proffer, and is protected pursuant to the plea agreement. However, given that Wilson played a leader, management, supervisor or organizer role of the criminally culpable participants of the conspiracy, Guerrero and Williams, such a finding does not affect the conclusion here.

due deference to the district court's factual findings, therefore, we affirm Schultz's two-point enhancement for his "role in the offense."

*United States v. Schultz,* 14 F.3d 1093, 1099 (6th Cir. 1994). In this case, Wilson was the essential organizer of an ongoing conspiracy, solely responsible for arranging for the procurement and payment of the contraband, and essential for its delivery and distribution to a co-conspirator whom he recruited.

### III. CONCLUSION

Accordingly, we **AFFIRM** the sentence of the district court.