**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0356n.06**
**Filed: May 5, 2005**

**03-1338**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **JUSTIN C. WILSON** | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE:** **MARTIN, COLE, and GIBBONS, Circuit Judges.**

**PER CURIAM.** Justin C. Wilson appeals his sentence imposed following his convictions

via guilty plea for conspiracy to distribute more than 50 kilograms of marijuana in violation of 21

U.S.C. §§ 841 and 846 and conspiracy to launder money in violation of 18.U.S.C. § 1956(h). This

Court has previously held that the district court properly applied a leadership sentencing

enhancement under U.S.S.G. § 3B1.1(c). *United States v. Wilson*, 112 Fed.Appx. 497, 2004 WL

2367972 (6th Cir. Oct. 20, 2004). On certiorari, that judgment was vacated and remanded to this

Court for proceedings consistent with *United States v. Booker*, 125 S.Ct. 738 (2005). *Wilson v.*

*United States*, 125 S.Ct. 1392 (2005).

Upon consideration, the sentence is vacated and the case is remanded to the district court for

resentencing pursuant to the decisions in *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005), and

*United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005). On remand, "we encourage the sentencing

judge to explicitly state his reasons for applying particular Guidelines, and sentencing within the recommended Guidelines range, or in the alternative, for choosing to sentence outside that range. Such a statement will facilitate appellate review as to whether the sentence was 'reasonable.'" *United States v. Jones*, 399 F.3d 640, 650 (6th Cir. 2005); *see also Booker*, 125 S.Ct. at 765 (noting that appellate review of a district court sentence is for reasonableness); *United States v. Webb*, — F.3d —, 2005 WL 763367 (6th Cir. 2005) (engaging in reasonableness review, but refusing to "define rigidly at this time either the meaning of reasonableness or the procedures that a district judge must employ in sentencing post-*Booker*").

Accordingly, we **VACATE** the sentence and **REMAND** for proceedings consistent with this opinion.