United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30275

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL WEST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(Criminal No. 03-50094-01)

_____

Before REAVLEY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Darrell West appeals his sentence which was imposed following his guilty-plea conviction for conspiring to distribute 50 grams or more of cocaine base, distributing 50 grams or more of cocaine base, and possessing with the intent to distribute 50 grams or more of cocaine base. The district court sentenced West as a career offender under United States Sentencing Guidelines Manual § 4B1.1. West contends that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in failing to find that his prior state court convictions were "related" for purposes of United States Sentencing Guidelines Manual § 4A1.2(a)(2). Specifically, he argues that the evidence supports a finding that his prior convictions were "functionally consolidated."[1] Following the Supreme Court's opinion in <u>Buford v. United States</u> we review deferrentially the sentencing court's determination whether West's prior offenses were functionally consolidated for trial or sentencing.[2] We affirm.

West's Presentence Investigation Report ("PSR") reflects that, in 1998, West sold crack cocaine to an undercover police officer, after which a warrant was issued for his arrest. At the time West was arrested, a large bag containing marijuana was found in his possession. Two indictments were obtained and two cases proceeded in Louisiana state court under separate docket numbers. Prior to trial, West agreed to plea guilty in both cases, signed two plea agreements, and, at a single sentencing hearing, received two five-year sentences of hard labor that were to run concurrently.

Based on these two prior state convictions, the district court concluded that West is a career offender. Section 4B1.1 of the Sentencing Guidelines provides that "[a] defendant is a career

---

[1] See <u>United States v. Huskey</u>, 137 F.3d 283 (5th Cir. 1998) (recognizing functional consolidation).

[2] 532 U.S. 59 (2001); <u>see also</u> <u>United States v. Moreno-Arredondo</u>, 255 F.3d 198, 203 n.10 (5th Cir. 2001) (the Court's <u>Buford</u> opinion rejects <u>de novo</u> review and requires deference to the district court's decision, but fails to specify the degree of deference to be accorded).

2

offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." West argues that his two prior state court convictions should not be counted separately for career offender purposes. If West's prior convictions are "related" within the meaning of § 4A1.2(a)(2), they will not be treated separately for career offender purposes.[3] The Guidelines' official commentary provides:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.[4]

It is not disputed that there was no formal consolidation in West's prior state cases. We have, however, recognized the possibility of functional consolidation when there was "either some factual connexity between [the prior cases], or else a finding that the cases were merged for trial or sentencing."[5] In United States v. Huskey, we held there is de facto consolidation when "factually

---

[3] See United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999).

[4] U.S. Sentencing Guidelines Manual § 4A1.2, cmt. n.3.

[5] Huskey, 137 F.3d at 288.

distinct offenses are charged in the same criminal information under the same docket number."[6]

By contrast, neither the fact that sentencing for the prior offenses occurs on the same day and in the same proceeding, nor the imposition of identical, concurrent sentences is sufficient to require a determination that factually distinct offenses were related.[7] In United States v. Kates we upheld the district court's determination that the defendant was a career offender. The defendant in Kates had been arrested for two separate drug offenses on the same day; two indictments were obtained; the cases were not formally consolidated; the defendant was sentenced for offenses on the same day; and the defendant was paroled on each offense on the same day.[8] Affirming the district court's determination, we held that these facts were not sufficient to require a finding of consolidation under Fifth Circuit precedent.[9]

The instant case is indistinguishable from Kates. West was arrested on the same day for two separate drug offenses; separate

---

[6] Id.

[7] See Kates, 174 F.3d at 584; Huskey, 137 F.3d at 288.

[8] 174 F.3d at 584.

[9] Id. See also United States v. Garcia, 962 F.2d 479 (5th Cir. 1992) (finding no functional consolidation of two prior state drug offenses when the two indictments had consecutive numbers and were filed on the same day; the same attorney was appointed to represent defendant in both cases and submitted one statement for both representations; the clerk of court scheduled the two cases in the same court for the same date and time; the plea agreements for the two cases referred to each other; and the ten-year sentences for each conviction ran concurrently).

indictments were returned against him; the offenses were prosecuted under separate docket numbers; he entered into two separate plea agreements; and the cases were not formally consolidated. West received concurrent sentences from a single judge at a single hearing, and received parole for both on the same day.

West makes several arguments for why his case is different than <u>Kates</u>. First, he contends that, unlike Texas law which applied in <u>Kates</u>, Louisiana law does not allow consolidation of cases by the court once proceedings are underway. This characterization is not entirely accurate. If two offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan," a prosecutor may charge the two offenses in the same indictment, and any case would proceed under one docket number.[10] Furthermore, a defendant may move to have a case consolidated if it originally could have been charged in the same indictment and brought under one docket number.[11] Finally, the commentary to Article 706 of the Louisiana Code of Criminal Procedure notes that, even though a court does not have the power to consolidate a case on its own motion or on motion of the state over the objection of any defendant, the court can accomplish the same result by dismissing

---

[10] La. Code Crim. Proc. Ann. art. 493; <u>see also</u> La. Code Crim. Proc. Ann. art. 493.2.

[11] <u>See</u> La. Code Crim. Proc. Ann. art. 706.

5

all charges and recharging in a consolidated form.[12]

West next contends that the state court's decision to employ only one form for both docket numbers to inform him of his rights under Boykin evidences the state court's functional consolidation of the cases. Again, however, in this circuit the sentencing of two drug offenses at a single proceeding does not constitute functional consolidation of the offenses.[13] The same reasoning requires the conclusion that use of one Boykin form is not indicative of functional consolidation, especially when separate plea agreements are used for each offense.[14] Given the deference we accord to a district court's determination whether two or more offenses were functionally consolidated for trial or sentencing, we

_____

[12] La. Code Crim. Proc. Ann. art. 706 official rev. cmt. a.

[13] See Kates, 174 F.3d at 584; Garcia, 962 F.2d at 482.

[14] As a final argument, West asserts that the application of the First Offender Pardon to his two state offenses following his release from jail indicates the state's intent that the cases be considered consolidated. The First Offender Pardon is granted automatically pursuant to the Louisiana State Constitution and by statute. See La. Const. art. 4, § 5(E)(1); La. Rev. Stat. Ann. § 529.1(A)(1). Without addressing what the automatic pardon indicates, we reject its relevance to the present determination. In determining whether prior offenses were functionally consolidated for trial or sentencing, we look at how the offenses were brought before the state court and the state court's treatment of the cases, not subsequent actions by a parole board or any determination pursuant to a statutory pardon provision. Cf. Buford, 532 U.S. at 64 (deference to a district court's determination of whether cases were functionally consolidated for trial or sentencing is due to a district court's greater familiarity with trial and sentencing practices in general, including consolidation procedures); Huskey, 137 F.3d at 289 (the object of the district court's inquiry is to discern the state judge's intention to treat two separate offenses as one).

affirm the court's ruling on this issue.

West also contends that the district court sentenced him in violation of <u>Blakely v. Washington</u>.[15] Our decision in <u>United States v. Pineiro</u> forecloses adoption of his reading.[16] The sentence imposed by the district court is AFFIRMED.

---

[15] 124 S. Ct. 2531 (2004).

[16] 377 F.3d 464 (5th Cir. 2004).