**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30275

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DARRELL WEST,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
(Criminal No. 03-50094-01)
- - - - - - - - - -
ON REMAND FROM THE UNITED STATES SUPREME COURT

Before REAVLEY, DAVIS, and WIENER Circuit Judges.

PER CURIAM:[*]

       This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent opinion in <u>United States v. Booker</u>.[1]  At our request, the parties have submitted supplemental letter briefs addressing the impact of <u>Booker</u>.  For the following reasons, we find that <u>Booker</u> does not affect Defendant-Appellant Darrell West's sentence.

## I.  BACKGROUND

---

       [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

       [1]  543 U.S. ——, 125 S. Ct. 738 (2005).

West pleaded guilty to conspiring to distribute 50 grams or more of cocaine base, distributing 50 grams or more of cocaine base, and possessing with the intent to distribute 50 grams of cocaine base. The district court sentenced West to 292 months of imprisonment. West appealed his sentence, and we affirmed in an unpublished opinion.[2] West then appealed his sentence to the United States Supreme Court, which, as noted above, remanded to us for reconsideration in light of Booker.

## II.  DISCUSSION

### A.  Standard of Review

West raised his Booker claims for the first time on appeal. Therefore, we review for plain error.[3] This means that we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[4] If the circumstances meet all three criteria, we may exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[5]

Since Booker, sentencing under mandatory Guidelines constitutes (1) error, and that error is (2) plain.[6] Whether the

---

[2]U.S. v. West, No. 04-30275, 117 Fed. Appx. 340 (5th Cir. Dec. 8, 2004).

[3]U.S. v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

[4]U.S. v. Cotton, 535 U.S. 625, 631 (2002).

[5]Id.

[6]Mares, 402 F.3d at 521.

2

error affects substantial rights is a more complex inquiry in which the defendant bears the burden of proof, and he carries his burden if he can "demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[7]  The defendant demonstrates such a probability when he identifies from the record an indication that the sentencing judge would have reached a significantly different result under an advisory Guidelines scheme.[8]

## B.  Merits

West concedes that he cannot meet his burden to show plain error under <u>Mares</u>.  Instead, West presents three alternative arguments.  First, he urges the court to reconsider <u>Mares</u>.  <u>Mares</u>, however, is the settled law of this circuit, and we can revisit it only en banc or following a Supreme Court decision that effectively overturns it.  Second, West argues that <u>Booker</u> error is structural, and that we should therefore remand for resentencing on that ground.  This circuit, however, has determined that <u>Booker</u> error is not structural.[9]  Finally, West insists that <u>Booker</u> error should be presumed prejudicial.  Again, this circuit has determined that <u>Booker</u> error should not be presumed prejudicial.[10]  West presents no viable ground for remand.  Accordingly, we affirm his original sentence.

---

[7]<u>Id.</u> (quoting <u>U.S. v. Dominguez Benitez</u>, 542 U.S. 74 (2004)).

[8]<u>Id.</u> at 522.

[9]<u>U.S. v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005); <u>U.S. v. Arnold</u>, 416 F.3d 349, 2005 WL 1546254 at *9 n.23 (5th Cir. 2005).

[10]<u>Arnold</u>, 419 F.3d 349, 2005 WL at *9 n.23.

## III. CONCLUSION

As the district court did not commit plain error, West's sentence is

AFFIRMED.