OPINION

SLOVITER, Circuit Judge.
Appellant Rodrigo Sanchez-Gonzalez (“Gonzalez”) was convicted of one count of conspiracy to distribute cocaine and one count of distributing or aiding and abetting the distribution of cocaine in violation of 21 U.S.C. §§ 846, 841 and 18 U.S.C. § 2, respectively. The District Court vacated the original sentence and, following a resentencing hearing, found that Gonzalez was responsible for distributing more than 150 kilograms of cocaine. The Court concluded that Gonzalez had an Offense Level of 38 and assigned him to Criminal History Category III. Gonzalez was sentenced to 292 months imprisonment and ten years supervised release.
*854 Gonzalez appeals, alleging the District Court erred in finding him responsible for distributing more than 150 kilograms of cocaine and in failing to reduce his offense level for acceptance of responsibility.[1] Specifically, Gonzalez argues that the facts in the PSR show only 145 kilograms of cocaine can be attributed to him, giving him an Offense Level of 36 instead of 38. He also maintains that his Offense Level should have been reduced by an additional two levels for acceptance of responsibility.
We review the District Court’s application of the Sentencing Guidelines for abuse of discretion. United States v. Tupone, 442 F.3d 145, 149 (3d Cir.2006) (citing Buford v. United States, 532 U.S. 59, 63-66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)). In reviewing the amount of cocaine attributable to Gonzalez, it is important to note that he was convicted of conspiracy. The Sentencing Guidelines provide that Relevant Conduct within a conspiracy includes “all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, [or] in preparation of that offense....” U.S.S.G. lB1.3(a)(1)(B). We have interpreted this language to “indicate[ ] that whether a particular defendant may be held accountable for amounts of drugs involved in transactions conducted by a co-conspirator depends upon the degree of the defendant’s involvement in the conspiracy and, of course, reasonable foreseeability with respect to the conduct of others within the conspiracy.” United States v. Collado, 975 F.2d 985, 992 (3d Cir.1992).
There was evidence that Gonzalez was associated with Colombians who supplied the conspiracy with cocaine through co-conspirator Jorge Elie Garcia during the period charged in the indictment, 1997 through mid-1998. Edgar Lozano, a drug dealer, testified that he purchased his cocaine from Garcia. One of Lozano’s customers estimated that he bought more than eighty kilograms from Lozano. There was testimony of another forty kilograms attributable directly to Gonzalez through Garcia. Moreover, Garcia was paged to receive 100 additional kilograms in August 1998. Garcia’s conduct was reasonably foreseeable in light of Gonzalez’s involvement in the enterprise. There was ample testimony to support the District Court’s finding of more than 150 kilograms of cocaine.
Moreover, Gonzalez served as an enforcer. As the District Court noted to counsel, Gonzalez “was given the collection assignment,” and asked, “wasn’t he very much a part of this organization ... and isn’t he liable for the organization’s sales as a result”? App. at 10a. Counsel agreed. The District Court did not err in holding Gonzalez responsible for the amount of drugs that passed through the conspiracy. See United States v. Gibbs, 190 F.3d 188, 214 (3d Cir.1999) (noting that “courts often have held enforcers for drug conspiracies responsible for the amount of drugs that pass through the conspiracy during the time the person acts as an enforcer”). We will not disturb the finding of drug amount.
Gonzalez next argues that the District Court erred in not granting him a reduction based on his acceptance of responsibility. He argues that under section 3El.l(a) of the Sentencing Guidelines, he merited a two-level reduction in the applicable Offense Level. The Government objected, noting that Gonzalez went to trial. The District Court stated that as a matter *855 of law Gonzalez could receive the reduction but based on the facts it did not believe that Gonzalez warranted a reduction. See App. at 18a (“I simply believe in the facts of this case, I don’t believe what the defendant has pointed to warrants a two-level downward departure for acceptance of responsibility. I don’t think it is that kind of ease.... ”). Gonzalez argues that the District Court’s statements in denying this reduction were insufficient to constitute reasonable consideration of the matter. District courts, however, are granted a significant degree of discretion in such instances. For example, in Rita v. United States, 551 U.S. 338, 358, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), the Supreme Court noted that statements made by a district court concerning whether sentencing options were “appropriate” or “inappropriate” were legally sufficient because it was clear from the record that the district court had listened to both arguments and considered the supporting evidence. The District Court here heard both arguments, and it is clear that the District Court considered the law, the arguments of counsel, and the evidence. There is, therefore, no error and no basis to overturn its decision. See id. at 359, 127 S.Ct. 2456 (“[When] the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.”).
We recognize that in an exceptional case, a defendant’s post-conviction activities may warrant a reduction based on acceptance of responsibility, but such a decision requires remarkable change in the defendant’s behavior. See United States v. Sally, 116 F.3d 76, 80 (3d Cir.1997) (“[P]ost-offense rehabilitation efforts, including those which occur post-conviction, may constitute a sufficient factor warranting a downward departure provided that the efforts are so exceptional as to remove the particular case from the heartland in which the acceptance of responsibility guideline was intended to apply.”). The District Court did not find that this case was exceptional. Although Gonzalez’s activities post-conviction are commendable, as he was a model prisoner, completed prison programs, and maintained good work reports with UNICOR, the District Court did not abuse its discretion in declining to grant Gonzalez a reduction based on acceptance of responsibility.
For the reasons set forth, we will affirm the judgment of sentence.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. In addition, we may review the sentence imposed by the District Court pursuant to 18 U.S.C. § 3742(a).