NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0397n.06

No. 14-1692

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 02, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| KENNETH HIEN VU, aka Kenneth Nguyen, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: McKEAGUE and DONALD, Circuit Judges; MATTICE, District Judge.[*]

PER CURIAM. Kenneth Hien Vu appeals his 84-month sentence for conspiring to launder money. We affirm.

A federal grand jury charged Vu with conspiring to distribute and to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and conspiring to launder the proceeds of the marijuana conspiracy in violation of 18 U.S.C. § 1956(h). Vu pled guilty to the money laundering conspiracy pursuant to a written plea agreement. At sentencing, the district court calculated Vu's offense level based on a drug quantity of at least 100 kilograms but less than 400 kilograms of marijuana. *See* U.S.S.G. §§ 2D1.1(c)(8), 2S1.1(a)(1). After the district court granted the government's motion for a one-level downward departure pursuant to USSG § 5K1.1, the resulting guidelines range was 78 to 97 months of imprisonment based on a

---

[*]The Honorable Harry S. Mattice, Jr., United States District Judge for the Eastern District of Tennessee, sitting by designation.

total offense level of 28 and a criminal history category of I. The district court sentenced Vu

within that range to 84 months of imprisonment. Vu now appeals his sentence.

Vu first challenges the district court's drug quantity determination, asserting that the

district court erred in including drug quantities from his activities in Pennsylvania as relevant

conduct under USSG § 1B1.3. We review the district court's factual finding as to drug quantity

for clear error. *See United States v. Johnson*, 732 F.3d 577, 581 (6th Cir. 2013). The district

court determines the applicable guidelines range based on the defendant's relevant conduct,

including:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense . . . .

U.S.S.G. § 1B1.3(a)(1). In a drug distribution case, drug quantities are included as relevant

conduct "if they were part of the same course of conduct or part of a common scheme or plan as

the count of conviction." U.S.S.G. § 1B1.3, cmt. (background); *see* U.S.S.G. § 2S1.1(a)(1)

(applying "[t]he offense level for the underlying offense from which the laundered funds were

derived"). Offenses are "part of the same course of conduct if they are sufficiently connected or

related to each other as to warrant the conclusion that they are part of a single episode, spree, or

ongoing series of offenses." U.S.S.G. § 1B1.3, cmt. n.9(B). "For two or more offenses to

constitute part of a common scheme or plan, they must be substantially connected to each other

by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*." U.S.S.G. § 1B1.3, cmt. n.9(A).

Vu contends that he shipped marijuana from California to his partner, Uy Tran, in Michigan; that his activities in Michigan ceased when Tran was arrested in February 2012; and that his subsequent activities in Pennsylvania were not part of the same jointly undertaken criminal activity in Michigan and thus should not have been included in his relevant conduct. Not so. According to the presentence report, beginning in 2010, Vu sent marijuana to Joshua Lyon in Michigan—both directly and through Tran. Lyon relocated to Pennsylvania in August 2011 and continued to receive marijuana from Vu and Tran while in Pennsylvania. Indeed, Vu admits that "there had been activity in Pennsylvania prior to Uy Tran's arrest." Appellant Br. 17. Then, in July 2012 after Tran's arrest, Lyon dealt directly with Vu. Moreover, the conspirators followed the same *modus operandi* in both Michigan and Pennsylvania: Vu obtained marijuana from sources in California; the marijuana was shipped to Michigan, Pennsylvania, and other states, often to rented mailboxes; and Vu instructed Lyon and others to deposit the marijuana proceeds into bank accounts controlled by him. In denying Vu's objection to the inclusion of the drug quantities from his activities in Pennsylvania, the district court found:

> There is just too much continuity here between the players, the nature of the operation, the interface between all of the players, not to conclude that this was one jointly undertaken activity in both states. . . . That the continuity of the players, it's clear that at a time before Mr. Tran was arrested there was a transitioning to the Pennsylvania operation.

(RE 191, Page ID # 1063). Based on these facts, the district court's drug quantity determination was not clearly erroneous.

Vu next challenges the district court's imposition of a four-level aggravating role enhancement. U.S.S.G. § 3B1.1(a) provides for a four-level increase in a defendant's offense

level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." *United States v. Washington*, 715 F.3d 975, 983 (6th Cir. 2013). Our "review of the legal conclusion that a person is an organizer or leader under Section 3B1.1" is deferential, "in light of the fact bound nature of the legal decision." *Id.* at 982 (quoting *Buford v. United States*, 532 U.S. 59, 66 (2001)).

The aggravating role enhancement must be based on Vu's role in the money laundering conspiracy rather than the marijuana conspiracy. *See* U.S.S.G. § 2S1.1, cmt. n.2(C). Vu contends that, although five or more people were involved in the money laundering conspiracy, he did not *lead* five or more people in that conspiracy. But "[a] defendant only needs to be a leader of 'one or more other participants' to qualify for the enhancement." *Washington*, 715 F.3d at 983 (quoting U.S.S.G. § 3B1.1, cmt. n.2).

Vu further argues that he was "just a supplier" and that he did not act as an organizer or leader. Factors to consider in determining whether a defendant acted as an organizer or leader "include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, cmt. n.4. These factors cut almost uniformly in favor of finding Vu an organizer or leader. According to the presentence report, for example, Vu directed Lyon and others to deposit the marijuana proceeds into various bank accounts controlled by him, giving instructions as to where and when to make the deposits as well as how to structure the deposits so as to avoid reporting requirements. Vu also provided ATM cards to his coconspirators so they could make the deposits. And Vu controlled these bank accounts. As the district court stated, "[t]he

overwhelming evidence here is Mr. Vu controlled the movement of the money." (RE 191, Page ID # 1064). Because the district court's conclusion that Vu was an organizer or leader of the money laundering conspiracy was not unreasonable, we defer to it. *See Washington*, 715 F.3d at 984.

Finally, Vu asserts that his sentence was procedurally and substantively unreasonable. We review Vu's sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. at 51. Vu appears to challenge the procedural reasonableness of his sentence on the basis that the district court failed to address some of his arguments for a lower sentence. Because Vu did not object to the adequacy of the district court's explanation for his sentence when he had the opportunity to do so, we review this argument only for plain error. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). The district court stated that it had considered the statistical data presented by Vu. The district court also recognized Vu's family support and the importance that he placed on family and recommended that he be imprisoned near his home in California. Vu has failed to show that the district court committed any procedural error—plain or otherwise.

Even where a sentence is procedurally reasonable, it "may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable

amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to Vu's within-guidelines sentence. *Vonner*, 516 F.3d at 389-90. In this case, Vu has not overcome that presumption. Vu argues that the district court gave too much weight to general deterrence and not enough to other sentencing factors. The district court did consider the need to deter others from trafficking in large quantities of marijuana and laundering substantial amounts of money but did not accord unreasonable weight to general deterrence in light of its consideration of other factors, including Vu's history and characteristics, the nature and circumstances of his offense, and the need to reflect the seriousness of that offense. *See United States v. Jeter*, 721 F.3d 746, 757-58 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 655 (2013). Vu contends that the district court did not give proper consideration to his argument that the sentencing guidelines are only persuasive and due only the deference supported by empirical evidence. On the contrary, the district court expressly recognized its sentencing discretion and acknowledged Vu's statistical data, which set forth the mean and median sentences for marijuana and money laundering offenses without reference to the amount of drugs or money involved. Having already granted a one-level departure, the district court determined that no further departure or variance was warranted. Given that the district court sufficiently considered the relevant § 3553(a) factors as well as Vu's arguments, we cannot find that the district court abused its discretion in imposing the 84-month guidelines sentence.

For these reasons, we affirm Vu's sentence.