NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0124n.06

Case No. 23-3400

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 15, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| ZIEVAN FOSTER, | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |

Before: GIBBONS, BUSH, and MURPHY, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. A jury convicted Zievan Foster of being a felon in possession of a firearm and two counts of possession of a controlled substance with the intent to distribute. Foster now appeals the drug convictions, arguing that there was insufficient evidence to convict him on either count. Additionally, Foster challenges both procedural and substantive aspects of his sentence. Specifically, Foster disputes the length of his sentence, the district court's failure to credit him with an acceptance of responsibility reduction, and the fact that his federal sentence runs consecutive to a state parole violation stemming from the same conduct. For the reasons stated below, we affirm.

I.

Early one morning, Parma, Ohio police officers Jeffrey Romano and Russell Lake were on duty and stationed at a parking lot watching traffic. The pair noticed a silver Pontiac moving at a high rate of speed being followed by another car. They recognized the tailing car, based on the

body style, as an undercover law enforcement vehicle. The undercover vehicle spotted the officers' cruiser and used a signal spotlight to catch their attention. The Parma officers took this as a call for assistance and began to follow the Pontiac as well. Both law enforcement vehicles momentarily lost track of the Pontiac; but, when it reemerged, the Parma officers activated their lights and siren to initiate a traffic stop. The Pontiac sped off and crashed into a concrete barrier shortly afterwards. The officers assisted the driver and sole occupant, Zievan Foster, out of the vehicle and called the paramedics to assist with his injuries. Officer Lake then searched Foster's vehicle.

During the search Lake found an assortment of drugs, drug paraphernalia, and a firearm. In the center console, Lake recovered a digital scale and a bag containing suspected marijuana. And on the floorboard, Lake spotted several different colored pills, a bag of white to gray powder, and a loaded firearm. Lake also retrieved a ledger, possibly recording drug transactions, from the vehicle. The powder and pills were later tested and weighed. The powder was identified as a 9.33 gram mixture containing fentanyl, and eight of the pills, totaling 2.69 grams, contained methamphetamine.

The government later indicted Foster on four counts: (1) possession with intent to distribute fentanyl and (2) methamphetamine under 21 U.S.C. § 841(a)(1), (3) using or carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i), and (4) being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1). Foster proceeded to trial, contesting the first three charges. And at the end of the proceeding, the jury found him guilty on counts 1, 2, and 4 and not guilty on count 3.

The district court sentenced Foster to 125 months incarceration on counts 1 and 2 and 120 months on count 4. The sentence for each federal count was to run concurrently, but his federal

sentence was to run consecutive to any sentence received for the state parole violation regarding the same conduct.

Foster now appeals, challenging the sufficiency of the evidence to convict him on the two distribution charges, the district court's refusal to credit him with a two-level acceptance of responsibility reduction, the decision to run his federal sentence consecutive to his parole violation sentence, and the overall length of his federal sentence.

II.

A.  *Sufficiency of the Evidence*

Foster first argues that his convictions for possessing fentanyl and methamphetamine with the intent to distribute were not supported by substantial evidence; and, as a result, the district court erred in denying his motion for judgment of acquittal.  We disagree.

We review a district court's denial of a motion for judgment of acquittal, challenging the sufficiency of the evidence supporting a conviction, de novo.  *United States v. Howard*, 947 F.3d 936, 947 (6th Cir. 2020).  In doing so, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  With that said, a defendant challenging the sufficiency of the evidence "bears a very heavy burden," *United States v. Davis*, 397 F.3d 340, 344 (6th Cir. 2005) (quoting *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999)), because "[w]e draw all available inferences and resolve all issues of credibility in favor of the jury's verdict, and it is not necessary for us to exclude every reasonable hypothesis but guilt," *United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997).

To convict Foster for possession with the intent to distribute under 21 U.S.C. § 841(a)(1), the government must prove that he: (1) knowingly or intentionally, (2) possessed a controlled

substance, (3) with intent to distribute. *See United States v. Benton*, 957 F.3d 696, 701 (6th Cir. 2020). Foster does not deny possessing 9.33 grams of a mixture containing fentanyl and 2.69 grams of methamphetamine; he contests only the intent element of the crime. The record, however, shows that the government provided sufficient evidence to prove Foster's intent.

The government presented both general and drug-specific evidence to underscore Foster's intent to distribute. For example, the government played a recording of a conversation between Foster and an ATF agent, Matthew Curley, in which, despite admitting to possessing the fentanyl and methamphetamine found in his vehicle, Foster stated "I don't do drugs." DE 61, Trial Tr., PageID 966–67. Additionally, Officer Lake, who conducted the search of Foster's vehicle, testified that he recovered a digital scale from the vehicle's center console and a "torn sheet of paper with various names and numbers next to them," which he implied Foster used as a ledger. DE 60, Trial Tr., PageID 926. A reasonable fact finder could determine that Foster used a scale to weigh drugs he sold and that the paper represented a sales record.

To add more context to the physical evidence, Curley testified about drug quantities and narcotics tools. To that end, Curley noted that traffickers often carry a scale, so they can be accurate in measuring quantities sold and can more easily divide large quantities of drugs. Drug users, on the other hand, are more likely to possess small quantities of drugs, both because drugs can be expensive and because purchasing too much may result in overconsumption. Additionally, users may carry some drug tools, like a syringe or lighter, but are unlikely to carry a scale. Finally, Curley highlighted that Foster possessed a large quantity of fentanyl. Curley stated that the average dose of fentanyl is around one tenth of a gram, that a gram costs around $150, and that anything over 3.5 grams of fentanyl would be considered a large amount. Foster possessed 9.33 grams of a mixture containing fentanyl. Considering the information above, the government presented

sufficient circumstantial evidence such that a reasonable fact finder could believe Foster intended to distribute both fentanyl and methamphetamine.

### B. *Procedural and Substantive Reasonableness*

We review a challenge to the procedural and substantive reasonableness of a sentence for abuse of discretion. *United States v. Robinson*, 778 F.3d 515, 518 (6th Cir. 2015). We review the district court's findings of fact for clear error and accord "due deference to [its] application of the guidelines to the facts." *Buford v. United States*, 532 U.S. 59, 63 (2001) (quoting 18 U.S.C. § 3742(e)) (emphasis omitted).

In assessing procedural reasonableness, a district court abuses its discretion if it significantly errs, like by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). As for substantive reasonableness, a district court abuses its discretion if, essentially, a defendant's sentence is too long. *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). This occurs when a sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)(2), which may result from placing too much weight on some of the enumerated sentencing factors and not enough on others. *Id.*

Foster makes a number of challenges to the procedural and substantive reasonableness of his sentence, and we address each in turn. Initially, Foster argues that the district court erred in denying him an offense level reduction for his acceptance of responsibility. But Foster's claim lacks merit for two reasons. First, as a factual matter, Foster did not, and still does not, accept responsibility for the conduct underlying his possession with the intent to distribute convictions.

After he was convicted at trial, and during the preparation of his presentence report, Foster stated, in a written letter to his probation officer, that "I continue to maintain my innocence with respect to the allegations . . . that I possessed the drugs with intent to distribute (convicted by jury verdict in Counts 1 and 2)." DE 45, PSR, at PageID 509. Foster's insistence is inconsistent with acceptance of responsibility. Second, as a practical matter, the acceptance reduction generally does not "apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. § 3E1.1 cmt. n.2; *see also United States v. Guerrero*, 76 F.4th 519, 531–32 (6th Cir. 2023). Foster is thus not entitled to the two-level reduction for acceptance of responsibility.

Next, Foster contends that his sentence within the appropriate Guidelines range was substantively unreasonable. Yet again, we disagree. A sentence within the Guidelines range is presumed substantively reasonable, *Gall*, 552 U.S. at 51; *United States v. Christman*, 607 F.3d 1110, 1118 (6th Cir. 2010), and Foster fails to rebut this presumption. He argues that his 125-month sentence was unreasonably high because "the average length of imprisonment" for like-defendants "was 101 months and the median length of imprisonment was 100 months." CA6 R. 25, Foster Br., 31. Sentencing, however, is tailored to the individual, and a deviation from the national mean is insufficient to overcome the presumption of reasonableness for a within-Guidelines sentence. To that end, the district court acknowledged and contemplated Foster's mitigating § 3553(a) factors, but found his overwhelming criminal history to warrant a top of the Guidelines sentence.

Finally, Foster argues that the district court erred in running his federal sentence consecutively to any time he received for a state parole violation for the same conduct. Specifically, Foster claims that the district court should have addressed whether the § 3553(a)

factors supported running his sentences consecutively. Foster's argument is again misplaced. The district court has discretion as to whether a federal sentence should run consecutively or concurrently to an anticipated state sentence. *Setser v. United States*, 566 U.S. 231, 236 (2012). And when either the state or federal sentence stems from a case in which the defendant was on probation, parole, or supervised release, as here, the Guidelines "recommend[] that the sentence for the instance offense be imposed consecutively to the sentence imposed for the revocation." U.S.S.G. § 5G1.3, cmt. n.4(C). Likewise, in making this decision, the district court does not need to rehash a previous discussion of the defendant's § 3553(a) factors. *United States v. Berry*, 565 F.3d 332, 343 (6th Cir. 2009). As a result, because the district court had previously addressed Foster's § 3553(a) factors and sentenced him in accord with the recommendation of the Guidelines, the district court did not err in running Foster's federal sentence consecutively to his impending state parole violation.[1]

## III.

For the reasons discussed above, we affirm.

---

[1] As to Foster's acceptance of responsibility and his consecutive sentencing arguments, the government raises questions about the appropriate standard of review. Because we can resolve these questions under even the more stringent of the relevant standards, we need not to address the standard of review issue here.